■ In the Matter of MISA BRIM, Respondent, v SEAN COMBS, Appellant. [808 NYS2d 735]—

Motion by the appellant for leave to reargue appeals from four orders of the Family Court, Westchester County, two dated August 3, 2004, and two dated August 4, 2004, which were determined by decision and order of this Court dated April 4, 2005 [17 AD3d 361], or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court, and cross motion by the respondent, inter alia, for leave to reargue the appeals.

Upon the papers filed in support of the motion and the cross motion and the papers filed in opposition thereto, it is

Ordered that the branch of the appellant's motion which is for leave to reargue is granted; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that the cross motion is denied; and it is further,

Ordered that upon reargument, the decision and order of this Court dated April 4, 2005, is recalled and vacated and the following decision and order is substituted therefor:

In a child support proceeding pursuant to Family Court Act article 4 to vacate a child support agreement and modify the father's child support obligation, the father appeals from (1) an order of the Family Court, Westchester County (James, S.M.), dated August 3, 2004, which, inter alia, granted the petition and awarded the mother child support in the sum of $35,000 per month, child support arrears in the sum of $398,451.12, and an attorney's fee in the sum of $60,000, (2) an order of the same court dated August 4, 2004, directing him to pay the mother the sum awarded for child support arrears, (3) an order of the same court also dated August 4, 2004, directing him to pay the mother the sum awarded for an attorney's fee, and (4) an order of the same court (Klein, J.) dated September 30, 2004, which denied his objections to the order dated August 3, 2004, and the two orders dated August 4, 2004.

Ordered that the appeals from the order dated August 3, 2004, and the orders dated August 4, 2004, are dismissed, without costs or disbursements, as those orders were superseded by the order dated September 30, 2004; and it is further,

Ordered that the order dated September 30, 2004, is modi-

fied, on the law, by deleting the provision thereof denying the father's objection to the awards of child support and child support arrears, and substituting therefor a provision sustaining those objections and directing the father to pay child support in the sum of $19,148.74 per month; as so modified, the order dated September 30, 2004, is affirmed, without costs or disbursements, the order dated August 3, 2004, is modified accordingly, the order dated August 4, 2004, directing the father to pay child support arrears is vacated, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

In calculating the award of child support to the mother under Family Court Act § 413, the Support Magistrate erred in basing the award in part on the amount of child support the father paid for his other child by a different woman, particularly where no evidence was presented as to that child's expenses, resources, and needs. To this end, in high income cases, the appropriate determination under Family Court Act § 413 (1) (f) for an award of child support on parental income in excess of $80,000 should be based on the child's actual needs and the amount that is required for the child to live an appropriate lifestyle, rather than the wealth of one or both parties (*see Anonymous v Anonymous,* 286 AD2d 585 [2001]).

Here, the mother's net worth statement and her extensive testimony at the hearing established that her expenses related to the child were $19,148.74 per month, exclusive of the child's educational, health, medical, dental, school transportation, school supplies/books, security, and summer camp expenses, which in any case are paid by the father. Notably, this amount is deemed admitted as fact by the father due to his failure to comply with the compulsory financial disclosure requirements of Family Court Act § 424-a (*see Miller-Glass v Glass,* 237 AD2d 723, 724-725 [1997]). Accordingly, the Family Court erred in awarding $35,000 in monthly child support to the mother. Instead, the mother should have been awarded monthly child support in the sum of $19,148.74 to satisfy the child's actual needs and to afford him an appropriate lifestyle (*see* Family Ct Act § 413). The arrears in child support must be recalculated in light of the change in monthly payments. Thus, we remit the matter to the Family Court, Westchester County.

The parties' remaining contentions either are without merit or have been rendered academic in light of the foregoing. Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.