■ In the Matter of JOY GARTMOND, Respondent, v THOMAS CONWAY, Appellant. [865 NYS2d 606]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Horowitz, J.), entered September 10, 2007, which granted his objections to so much of an order of the same court (Jordan, S.M.) entered July 12, 2007, as, after a hearing, directed him to pay the sum of $2,373 in monthly child support, only to the extent of remitting the matter to the Support Magistrate, in effect, to articulate the manner in which the Support Magistrate calculated the amount of child support, and otherwise denied his objections.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from that part of the order entered September 10, 2007, which remitted the matter to the Support Magistrate, in effect, to articulate the manner in which the Support Magistrate calculated the amount of child support, is deemed an application for leave to appeal from that part of the order, and leave to appeal is granted (see Family Ct Act § 1112 [a]; *Matter of Schmitt v Berwitz,* 228 AD2d 604 [1996]); and it is further,

Ordered that the order entered September 10, 2007 is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof remitting the matter to the Support Magistrate and otherwise denying the father's objections, and substituting therefor provisions sustaining the father's objections to the extent of reducing his obligation to pay child support from the sum of $2,373 to the sum of $1,006 per month, and directing him to pay 49% of the expenses for child care, including but not limited to nursery school, day camp, and home child care, and otherwise denying the objections; as so modified, the order entered September 10, 2007 is affirmed, with costs to the father.

On review of the father's objections to the Support Magistrate's order which, inter alia, directed him to pay child support in the sum of $2,373 per month, the Family Court remitted the matter to the Support Magistrate, in effect, to articulate the manner in which the Support Magistrate calculated that sum. At the same time, the Family Court indicated that, on the merits, the father's objections to the sum of $2,373 in child sup-

port, as fixed by the Support Magistrate, did "not appear to be something that would change the amount of his obligation" once the Support Magistrate articulated her reasons for setting that amount. We agree that the Support Magistrate should have articulated the manner in which she calculated the amount of the father's child support obligation, and should have explained the application of the "precisely articulated, three-step method for determining child support" pursuant to the Child Support Standards Act (*Matter of Cassano v Cassano*, 85 NY2d 649, 652 [1995]; *see Sirgant v Sirgant*, 35 AD3d 437, 438 [2006]). However, in light of the fact that the record has been sufficiently developed, we deem it appropriate in the interest of efficiency and judicial economy to avert a remittal to the Support Magistrate, grant leave to appeal from that part of the Family Court's order which remitted the matter to the Support Magistrate (*see* Family Ct Act § 1112 [a]; *Matter of Schmitt v Berwitz*, 228 AD2d 604 [1996]), and conduct our own review of the record (*see* Family Ct Act § 413; *Lee v Lee*, 18 AD3d 508, 511 [2005]).

Using the parties' respective gross incomes for the year 2006, as the Support Magistrate evidently did, the first step is calculation of the "combined parental income" (Family Ct Act § 413 [1] [b] [4]—[5]). In that year, the mother earned $182,390 and the father earned $176,333. After making the appropriate deductions for FICA taxes paid by the parties (*see* Family Ct Act § 413 [1] [b] [5] [vii] [H]), the combined parental income is $341,881. The next step requires the court to multiply the combined parental income, up to $80,000, by the relevant child support percentage—in this case 17%, for one child—and then allocate that amount between the parties according to their pro rata shares of the combined parental income (*see* Family Ct Act § 413 [1] [b] [3]; [c]; *Matter of Cassano v Cassano*, 85 NY2d at 653). Taking that step would result in a monthly basic child support obligation of the father in the amount of $555.

However, where, as here, the combined parental income exceeds $80,000, the court must take the third step of determining "the amount of child support for the amount of the combined parental income in excess" of $80,000 "through consideration of the factors set forth in" Family Court Act § 413 (1) (f) and/or the child support percentage (Family Ct Act § 413 [1] [c] [3]). The relevant factors include the financial resources of the parents and of the child, the child's health and any special needs, the standard of living the child would have had if the marriage had not ended (here, the parties never were married), tax consequences, nonmonetary contributions of the parents toward the child, the educational needs of the parents, the dispar-

ity in the parents' incomes, the needs of other nonparty children receiving support from one of the parents, extraordinary expenses incurred in exercising visitation and any other factors the court determines are relevant (see Family Ct Act § 413 [1] [f]).

In this case, it is evident that the Support Magistrate applied the child support percentage to the entire combined parental income in excess of $80,000. While it was a provident exercise of discretion to apply the child support percentage to some of the combined parental income in excess of $80,000, we conclude that under the circumstances presented, which include, inter alia, the facts that the mother earns substantial income, the parties never were married, and the father has additional support obligations, including support obligations for a daughter from a prior marriage, $145,000 represents a more appropriate total combined parental income upon which to apply the child support percentage (see Kaplan v Kaplan, 21 AD3d 993, 994-995 [2005]; Jordan v Jordan, 8 AD3d 444, 445-446 [2004]; Kosovsky v Zahl, 272 AD2d 59 [2000]). Using that total, the father's child support obligation is $1,006 per month, and we modify the order entered September 10, 2007 to sustain the father's objections to that extent.

We further conclude that, under the circumstances, the father should pay the mother 49% of the expenses for child care, including but not limited to nursery school, day camp, and home child care.

The father's remaining contentions are without merit. Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.