■ In the Matter of LAWRENCE JACKSON, Appellant, v ED CARROLL, Respondent. [885 NYS2d 221]—Proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the respondent Assistant District Attorney to release certain property allegedly being held by the Office of the Kings County District Attorney, and application by the petitioner for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

This Court does not have original subject matter jurisdiction to entertain this proceeding (see CPLR 7804 [b]; 506 [b]). Fisher, J.P., Miller, Leventhal and Lott, JJ., concur.

■ In the Matter of CURTIS JAMES JACKSON, Respondent, v SHANIQUA TOMPKINS, Appellant. [885 NYS2d 228]—In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Budd, J.), entered May 5, 2008, which denied her objections to so much of an order of the same court (Fields, S.M.), entered January 17, 2008, as, after a hearing, directed the father to pay the sum of only $6,700 in monthly child support.

Ordered that the order entered May 5, 2008, is affirmed, with costs.

As we have previously held, "in high income cases, the appropriate determination under Family Court Act § 413 (1) (f) for an award of child support on parental income in excess of $80,000 should be based on the child's actual needs and that amount that is required for the child to live an appropriate lifestyle, rather than the wealth of one or both parties" (Matter of Brim v Combs, 25 AD3d 691, 693 [2006]). In this case, the Support Magistrate discredited most of the evidence adduced by the mother of the subject child concerning the child's actual expenses, and endeavored to make a fair determination of how much the child would need for his expenses to be covered and for him to live comfortably (see Matter of Vladlena B. v Mathias G., 52 AD3d 431 [2008]). We agree with the Family Court that there is no basis to disturb the Support Magistrate's determination.

The mother's remaining contentions are either unpreserved for appellate review or without merit. Mastro, J.P., Santucci, Eng and Lott, JJ., concur.