■ PURA LEVESQUE, Respondent, v GREGORY LEVESQUE, Appellant. [900 NYS2d 663]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered July 14, 2009, as granted those branches of the plaintiff's motion which were to find him in contempt, to direct him to provide a completed statement of net worth, and for an award of an interim attorney's fee in the sum of $10,000, and (2) so much of an order of the same court entered August 25, 2009, as granted that branch of the plaintiff's cross motion which was for an award of an additional interim attorney's fee to the extent of awarding the sum of $2,500.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

In this matrimonial action in which child support is at issue, the defendant is required to file a sworn statement of net worth in accordance with Domestic Relations Law § 236 (B) (4) (a). Although, in high income cases, the appropriate determination under Domestic Relations Law § 240 (1-b) (f) for an award of child support where parental income exceeds the sum of $130,000 should be based on the child's actual needs and the amount required for the child to live an appropriate lifestyle, rather than the wealth of one or both parties (*see Matter of Jackson v Tompkins*, 65 AD3d 1148 [2009]; *Ansour v Ansour*, 61 AD3d 536 [2009]; *Matter of Vladlena B. v Mathias G.*, 52 AD3d 431 [2008]; *Matter of Brim v Combs*, 25 AD3d 691, 693 [2006]), this rule does not relieve the defendant of the compulsory financial disclosure requirements of Domestic Relations Law § 236 (B) (4) (a).

In view of the disparity in the parties' financial circumstances, the Supreme Court properly directed the defendant to pay interim attorney's fees totaling the sum of $12,500 (*see* Domestic Relations Law § 237 [a]; *Sinanis v Sinanis*, 67 AD3d 773, 774 [2009]; *Prichep v Prichep*, 52 AD3d 61, 65 [2008]).

The defendant's remaining contentions are without merit. Covello, J.P., Dickerson, Eng and Austin, JJ., concur.