■ CARLA NOLLETTI IAROCCI, Respondent, v NICHOLAS IAROCCI, Appellant. [951 NYS2d 176]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Jamieson, J.), dated November 10, 2010, which, upon a decision of the same court entered April 28, 2010, made after a nonjury trial, inter alia, awarded the plaintiff a credit in the sum of $24,175, representing her reimbursement of capital gains taxes paid by her as a result of the defendant's sale of property located on Truesdale Hill Road in Lake George, awarded the plaintiff a credit in the sum of $12,000, representing her repayment, during the marriage, of the defendant's premarital, separate debt to his sister, awarded the plaintiff the sum of $4,050 in monthly child support, directed the defendant to pay his pro rata share of the children's nanny and private school tuition expenses and his pro rata share of the children's extracurricular activities expenses up to $3,000 per year, determined that the appreciation in value of the plaintiff's separate property located on Hathaway Lane in White Plains was not subject to equitable distribution, and awarded the plaintiff a money judgment for her "lump sum" distributive award of $591,832.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff a credit in the sum of

$24,175, representing her reimbursement of capital gains taxes paid by her as a result of the defendant's sale of property located on Truesdale Hill Road in Lake George, and (2) by deleting the provision thereof awarding the plaintiff a money judgment in the sum of $591,832 for her "lump sum" distributive award, and substituting therefor a provision awarding the plaintiff a money judgment in the sum of $567,657, which the defendant may pay in equal annual installments over a period of 10 years, together with interest at the statutory rate of 9% per annum on each year's unpaid balance, with the first payment due on November 10, 2012, and all subsequent payments due on November 10 each year thereafter, and directing that, in the event the defendant sells any of his real property within that 10-year period, he shall pay the net proceeds thereof toward any remaining balance on the plaintiff's distributive award to the plaintiff upon that sale, and directing that, in the event the defendant fails to make timely payment when each annual installment is due, a money judgment may be entered for the unpaid portion of the distributive award, inclusive of prejudgment interest earned until that time; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court incorrectly awarded the plaintiff a credit of $24,175, representing reimbursement of capital gains taxes paid by her as a result of the defendant's sale of property located on Truesdale Hill Road in Lake George. The tax liability was incurred during the parties' marriage from the sale of marital property and, therefore, constituted the parties' marital debt (see *LaBarre v LaBarre*, 251 AD2d 1008 [1998]; *Lekutanaj v Lekutanaj*, 234 AD2d 429, 430 [1996]). Accordingly, the plaintiff's distributive award is reduced by $24,175.

The Supreme Court improvidently exercised its discretion in awarding the plaintiff a money judgment for her "lump sum" distributive award. In view of the nonliquid nature of the defendant's assets, which he would otherwise have to sell to satisfy the plaintiff's distributive award, the Supreme Court should have permitted him to pay the award in installments as indicated herein (see *Bricker v Bricker*, 69 AD3d 546, 547 [2010]; *Romano v Romano*, 139 AD2d 979 [1988]), together with interest at the statutory rate of 9% per annum (see CPLR 5004; *Cooper v Cooper*, 84 AD3d 854, 858 [2011]; *Lawson v Lawson*, 288 AD2d 795 [2001]). However, in the event the defendant should sell any of his real property during the payment period, the proceeds thereof should be applied to paying off any remaining balance of the plaintiff's distributive award.

Contrary to the defendant's contention, he failed to meet his burden of demonstrating the amount of the appreciation of value of the plaintiff's separate property located on Hathaway Lane in White Plains (hereinafter the Hathaway Lane property) that was attributable to his efforts (*see Embury v Embury*, 49 AD3d 802, 804 [2008]; *London v London*, 21 AD3d 602, 603 [2005]). Accordingly, under these circumstances, the Supreme Court correctly held that the appreciation in value of the Hathaway Lane property was not subject to equitable distribution.

Contrary to the defendant's further contention, the Supreme Court providently exercised its discretion by giving the plaintiff a full $12,000 credit for repaying, during the marriage, the defendant's premarital separate debt owed by him to his sister (*see Nidositko v Nidositko*, 92 AD3d 653 [2012]; *Micha v Micha*, 213 AD2d 956 [1995]).

Under the circumstances of this case, where the parties' children have been attending private school during the parties' marriage, despite the defendant's purported objection to them doing so, the Supreme Court providently exercised its discretion in directing the defendant to pay his pro rata share of the children's private school tuition (*see Maybaum v Maybaum*, 89 AD3d 692, 697 [2011]; *Marin v Marin*, 283 AD2d 615 [2001]).

The defendant also contends that he should not have been directed to pay a pro rata share of the children's nanny expenses. The plaintiff, who is the custodial parent, works full time, and has been incurring these child care expenses both during the marriage and after commencement of this action. Accordingly, under these circumstances, the Supreme Court's direction to the defendant that he pay his pro rata share of the children's nanny expenses will not be disturbed (*see* Domestic Relations Law § 240 [1-b] [c] [4]; *Cimons v Cimons*, 53 AD3d 125, 131 [2008]).

Contrary to the defendant's contention, the Supreme Court's determination to calculate the parties' child support obligations based on combined parental income of $200,000 over the $130,000 statutory cap is adequately supported by the record, and was not an improvident exercise of the Supreme Court's discretion (*see generally Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *Corasanti v Corasanti*, 296 AD2d 831 [2002]).

The defendant's contention that he should have been given a credit for his share of monies used to pay down the mortgage on the plaintiff's property located on Sherman Avenue in White Plains was raised for the first time in his reply brief on appeal and, thus, is not properly before this Court (*see Yeshiva Chasdei Torah v Dell Equity, LLC*, 90 AD3d 746, 747 [2011]).

The defendant's remaining contentions are without merit. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.