■ In the Matter of DAVID C. PARSICK, Appellant, v THOMAS P. RUBIO, Respondent. [962 NYS2d 251]—

In a child support proceeding pursuant to Family Court Act article 4, the petitioner appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Hoffmann, J.), dated March 18, 2012, as denied his objections to so much of an order of the same court (Parisi, S.M.), dated December 23, 2011, as, after a hearing, granted his petition to

the extent of directing the respondent to pay basic child support for the parties' two children in the sum of only $512.50 per week and directed that the respondent be credited for overpayments made pursuant to a temporary support order dated November 11, 2010.

Ordered that the order dated March 18, 2012, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the objections to so much of the order dated December 23, 2011, as granted the petition to the extent of directing the respondent to pay child support for the parties' two children in the sum of only $512.50 per week and directed that the respondent be credited for overpayments made pursuant to the November 11, 2010, temporary support order are granted, those portions of the order dated December 23, 2011, are vacated, the petition is granted to the extent that the respondent is directed to pay basic child support in the sum of $1,025 per week, and the matter is remitted to the Family Court, Suffolk County, for a determination of any arrears.

The petitioner, David S. Parsick, and the respondent, Thomas P. Rubio, are the parents of two children. Parsick has sole custody of the children pursuant to an agreement between the parties.

In 2006, Parsick resumed his work as a public school teacher, and Rubio voluntarily made support payments, most recently in the sum of $1,234 per week. In May 2008, Rubio stopped making voluntary support payments. Parsick petitioned for child support in 2010. A pendente lite order dated November 1, 2010, awarded Parsick temporary child support in the sum of $1,000 per week.

At a subsequent hearing on child support, Parsick testified that in 2010, his salary as a public school teacher was $91,396 per year, representing a substantial raise from his income in 2008 of $82,274. He and the children occupied a house given to him by Rubio. The children took music lessons and went to summer camp. The parties' son, who has special needs, received occupational therapy covered by Parsick's health insurance. Rubio owned 24.5% of a family business, and earned a weekly gross salary from the family business of $6,500.

The Support Magistrate found that combined parental income was $468,259.36, 82% of which was attributable to Rubio. The Support Magistrate declined to award any child support above a combined parental income of $130,000, determining that, upon consideration of the factors specified in Family Court Act § 413 (1) (f), Rubio's pro rata share of the basic child support obligation above that amount would be "unjust and/or inappropri-

ate," inter alia, because Parsick failed to submit evidence of the children's standard of living prior to the parties' separation, and Parsick had been supporting the children for two years without help. In an order dated December 23, 2011, the Support Magistrate, inter alia, granted Parsick's petition to the extent of directing Rubio to pay child support in the sum of $512.50 per week and directed that Rubio be credited for overpayments made pursuant to the November 1, 2010, temporary support order.

Parsick filed objections to the support order, arguing, among other things, that the Support Magistrate erred in capping the parties' income at $130,000, failing to award additional support, and directing that Rubio be credited for overpayments. In the order appealed from, the Family Court, inter alia, denied those objections on the ground that the facts cited supported the determination that the needs of the children were being met.

When the combined parental income exceeds $130,000, the "statutory cap" (*Iarocci v Iarocci*, 98 AD3d 999, 1001 [2012]) that was in effect when the order appealed from was entered, "the court shall determine the amount of child support for the amount of the combined parental income in excess of [$130,000] through consideration of the factors set forth in paragraph (f) of this subdivision and/or the child support percentage" (Family Ct Act § 413 [1] [c] [3]). The Family Court must articulate an explanation of the basis for its calculation of child support based on parental income above $130,000 (*see Matter of Cassano v Cassano*, 85 NY2d 649, 654-655 [1995]; *Matter of Bonsignore v Flanagan*, 93 AD3d 841, 842 [2012]). The reasons do not have to be based upon the needs of the child (*see Matter of Cassano v Cassano*, 85 NY2d at 655). The test generally applied is whether the child is receiving enough to meet his or her "actual needs and the amount required . . . to live an appropriate lifestyle" (*Levesque v Levesque*, 73 AD3d 990, 990 [2010]; *see Matter of Brim v Combs*, 25 AD3d 691, 693 [2006]).

The record reveals that the children enjoyed a comfortable lifestyle, participating in music lessons and attending summer camp. On the question of the amount of support necessary to maintain that lifestyle, Rubio's most recent voluntary payments—made in 2008—were over $1,200 per week, and while since then, Parsick received a substantial raise in salary, that raise did not compensate for Rubio's termination of support payments. Although Parsick was able to maintain the children's lifestyle for two years without any financial contributions from Rubio, he should not be expected to do so indefinitely, without Rubio contributing his equitable share.

If a child's lifestyle may be maintained by the support provided pendente lite, a similar award may be made, and the "cap" adjusted to meet that level of support (*see Lago v Adrion*, 93 AD3d 697, 699 [2012]). Here, we find that the children's needs will be met, and their lifestyle maintained, with an award based upon applying the child support percentage to the first $260,000 of combined parental income, which yields an award of $1,025 per week.

Accordingly, the subject objections are granted, the petition is granted to the extent of directing Rubio to pay basic child support in the sum of $1,025 per week, and the matter is remitted to the Family Court, Suffolk County, for a determination of any arrears. Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.