■ GREGGORY A. BEROZA, Respondent-Appellant, v MICHELE A. HENDLER, Appellant-Respondent. [970 NYS2d 313]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of an amended judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered September 15, 2011, which, upon remittitur from this Court by decision and order dated March 2, 2010 (*see Beroza v Hendler*, 71 AD3d 615 [2010]), inter alia, reduced the plaintiff's monthly support obligation for the parties' three children from the sum of $4,833.33 to the sum of $2,076.75, and the plaintiff cross-appeals, as limited by his brief, from stated portions of the same amended judgment, which, among other things, failed to compel the defendant to obtain his approval before incurring certain expenses not covered by his child support obligation and failed to relieve him of his stipulated waiver of any claim of entitlement to a share of the defendant's retirement savings account.

Ordered that the amended judgment is modified, on the facts and in the exercise of discretion, (1) by deleting each dollar amount set forth in the fifth decretal paragraph thereof and substituting the sum of $39,173.20 for the sum of $24,921, the sum of $3,264.43 for the sum of $2,076.75, the sum of $33,770 for the sum of $21,476, the sum of $2,814.17 for the sum of $1,789.67, the sum of $22,963.60 for the sum of $14,612, and the sum of $1,913.63 for the sum of $1,217.67, (2) by deleting from the sixth, ninth, and eleventh decretal paragraphs thereof the provisions applying a percentage of 33.7% to certain expenses so as to calculate the plaintiff's obligations with respect to those expenses, and substituting therefor a percentage of 33.77%, (3) by deleting from the table entitled "Annotated Summary of Distribution of Assets and Credits to Parties as Modified," as set forth in the fifteenth decretal paragraph thereof, the credit to the defendant for child support in the sum of $53,595.75, and substituting therefor the sum of $135,545.67, (4) by deleting from the table the credit to the defendant for child support in the sum of $14,758.25 and substituting therefor the sum of $37,324.17, (5) by deleting from the table the total credit and net total credit to the defendant in the sum of $321,624.50, and substituting therefor the sum of $426,140.34, and (6) by deleting from the table the net distributive cash award to the plaintiff in the sum of $313,996.50, and substituting therefor the sum of $209,480.66; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

As set forth in our decision and order dated March 2, 2010, issued in connection with the plaintiff's prior appeal (*see Beroza v*

*Hendler*, 71 AD3d 615 [2010]), the plaintiff and the defendant were married in 1990, and the plaintiff commenced this action for a divorce and ancillary relief in 2001, when the oldest of the parties' three children was 4½ years old and their twins were 18 months old. The parties are both educated professionals. The plaintiff is a veterinarian with a private practice devoted to horses, and owns a related business which boards horses and rents the premises for polo matches, and the defendant is a partner in a group anesthesiology practice. Both parties worked throughout the marriage and lived an affluent lifestyle in Laurel Hollow.

Although the parties agreed that the defendant would have legal and residential custody of their three children, they vigorously disputed every financial issue during an 11-day trial conducted in February 2007. In its decision after trial, the Supreme Court imputed gross annual income to the plaintiff in the sum of $259,100, calculated the plaintiff's annual child support obligation as 29% of $200,000, or $4,833.33 monthly, and concluded that the plaintiff's pro rata share of certain additional expenses for the children was to be 40%, based on the parties' respective incomes. These figures were reflected in the judgment of divorce entered August 19, 2008 (hereinafter the 2008 Judgment).

On the plaintiff's appeal from the 2008 Judgment, inter alia, we agreed with the determination imputing annual gross income to the plaintiff in the sum of $259,100, but remitted the matter to the Supreme Court "for a recalculation of the plaintiff's child support obligation" because the Supreme Court had failed to set forth the parties' pro rata shares of child support and to adequately explain its application of the " 'precisely articulated, three-step method for determining child support' " pursuant to the Child Support Standards Act (hereinafter the CSSA) (*Beroza v Hendler*, 71 AD3d 615, 617 [2010], quoting Domestic Relations Law § 240 [1-b]).

On remittitur, and after considering submissions by the parties, the Supreme Court determined their respective annual net incomes to be $248,721 for the plaintiff and $487,693 for the defendant, for a net combined parental income of $736,414. However, for the purpose of determining the plaintiff's child support obligation, the court capped the combined parental income in the sum of $255,000. The Supreme Court found that, considering the factors set forth in Domestic Relations Law § 240 (1-b) (f) (hereinafter the paragraph [f] factors), the sum of $255,000 "adequately reflects a support level that meets the needs and continuation of the children's lifestyle, as dictated by

the past spending practices of the parties." After correspondingly revising the plaintiff's pro rata share of the children's expenses from 40% to 33.7%, the Supreme Court applied the statutory percentage to combined parental income capped at $255,000, and calculated that the plaintiff's support obligation for the parties' three children was to be in the annual amount of $24,921, or $2,076.75, monthly. The court thereafter entered an amended judgment, inter alia, directing the plaintiff to pay that monthly amount.

While the Supreme Court properly, upon remittitur, articulated its analysis pursuant to the three-step method for determining child support embodied in the CSSA guidelines, the court improvidently exercised its discretion in capping the parties' combined parental income at $255,000. Proper consideration of the paragraph (f) factors, as required in determining the amount of child support for income in excess of the statutory limit (*see* Domestic Relations Law § 240 [1-b] [c] [3]), does not support the Supreme Court's finding that a monthly support obligation of $2,076.75 "adequately reflects a support level that meets the needs and continuation of the children's lifestyle, as dictated by the past spending practices of the parties." In the interest of efficiency and judicial economy, rather than again remit the matter to the Supreme Court, we deem it appropriate to conduct our own review of the record, which is sufficiently developed, and to recalculate the plaintiff's child support obligation for his three children, as well as other sums set forth in the amended judgment that were derived from the plaintiff's child support obligation (*see Lueker v Lueker*, 72 AD3d 655, 658 [2010]; *Matter of Gartmond v Conway*, 54 AD3d 952, 954 [2008]).

Under the first step of the analysis, a court must determine the parties' combined parental income (*see Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]). Here, it is undisputed that the parties' annual net combined parental income is $736,414. With regard to the plaintiff's pro rata share of the combined parental income, we agree with the defendant that 33.77% is a more precise calculation of the quotient obtained by dividing $248,721 by $736,414, as opposed to the percentage applied by the Supreme Court, which was 33.7%.

Under the second step of the analysis, pursuant to Domestic Relations Law § 240 (1-b) (c) (1), we multiply so much of the combined parental income up to $80,000—which was the "statutory cap" in effect on the date of the 2008 Judgment (*see Matter of Parsick v Rubio*, 103 AD3d 898 [2013])—by the applicable statutory child support percentage, or 29% for the parties' three

children (*see* Domestic Relations Law § 240 [1-b] [c] [2]; *Matter of Cassano v Cassano*, 85 NY2d at 653). We then allocate the resulting amount of $23,200 between the parties according to their pro rata share of the combined parental income (*see* Domestic Relations Law § 240 [1-b] [c] [2]). The plaintiff's share of the basic annual support obligation is 33.77% of $23,200, or the annual sum of $7,834.64.

The third step in the analysis applies where, as here, the combined parental income exceeds the applicable statutory limit of $80,000. In this situation, "courts [have] the discretion to apply the 'paragraph (f)' factors, or to apply the statutory percentages, or to apply both in fixing the basic child support obligation on parental income over $80,000" (*Matter of Cassano v Cassano*, 85 NY2d at 655; *see* Domestic Relations Law § 240 [1-b] [c]; *Matter of Gartmond v Conway*, 54 AD3d at 954-955; *Tryon v Tryon*, 37 AD3d 455, 457 [2007]). As applicable here, the paragraph (f) factors include a consideration of the financial resources of the custodial and noncustodial parent, and the standard of living the child would have enjoyed had the marriage or household not been dissolved (*see* Domestic Relations Law § 240 [1-b] [f] [1], [3]). These factors further the objectives of the CSSA, which include "the assurance that both parents would contribute to the support of the children" and that the court consider "the total income available to the parents and the standard of living that should be shared with the child" (*Matter of Cassano v Cassano*, 85 NY2d at 652 [internal quotation marks and citations omitted]).

Here, the Supreme Court providently exercised it discretion in applying the statutory child support percentage of 29% to the amount of the combined parental income it considered in excess of $80,000, but improvidently exercised its discretion in capping the amount of combined parental income at $255,000, an amount which was only marginally higher than the plaintiff's net annual income of $248,721. The capped amount, in effect, improperly excluded consideration of the mother's net annual income of $487,693, contrary to the cost-sharing scheme directed by the CSSA (*see* Domestic Relations Law § 240 [1-b] [f] [1], [3]). Thus, in considering the relevant paragraph (f) factors, including the affluent lifestyle which the children undisputedly enjoyed during the parties' marriage, commensurate with the parties' education and net combined annual parental income of $736,414, we find that $400,000 is an appropriate cap to the parties' combined annual parental income for purposes of calculating the plaintiff's support obligation pursuant to the statutory percentage (*see Matter of Parsick v Rubio*, 103 AD3d

at 898; *Cusumano v Cusumano*, 96 AD3d 988 [2012]; *Huffman v Huffman*, 84 AD3d 875 [2011]; *Kaplan v Kaplan*, 21 AD3d 993 [2005]).

Thus, under step three, we apply the child support percentage of 29% to the amount of the cap in excess of $80,000, or $320,000, which yields the annual amount for both parents of $92,800, the plaintiff's share of which is 33.77%, or $31,338.56. Adding this amount to the plaintiff's basic annual support obligation of $7,834.64 yields an annual obligation of $39,173.20, or $3,264.43 per month. In light of this adjustment to the plaintiff's child support obligation for three children, we have correspondingly recalculated the amounts in the amended judgment which relate to the plaintiff's child support obligations for two unemancipated children and one unemancipated child respectively, as well as the amounts of the defendant's credits for child support to be used in reducing the plaintiff's net cash distributive share of the marital property. We modify the amended judgment accordingly. There is no merit to the defendant's contention that the court should apply the sum of $130,000 instead of $80,000 as the basic statutory cap.

On the cross appeal, the plaintiff contends that the Supreme Court erred in failing to compel the defendant to obtain his prior approval before incurring expenses not covered by his child support obligation and in failing to relieve him of a stipulation, made in open court, by which he waived any claim of entitlement to any part of the sum of $135,003, representing the funds in the defendant's retirement savings account. These contentions are without merit. Eng, P.J., Rivera, Angiolillo and Balkin, JJ., concur.