The parties are the parents of one child, of whom the mother has sole custody. Until the mother petitioned for child support in December 2009, the father voluntarily paid the mother the sum of $500 biweekly in child support. A temporary order of support dated March 5, 2010, awarded the mother the monthly sum of $1,062.
After a hearing on child support, the Support Magistrate found that combined parental income was $215,818.43, of which 47% was attributable to the father. Pursuant to Family Court Act § 413 (1) (b) (3) (i) and upon consideration of the factors specified in Family Court Act § 413 (1) (f), the Support Magistrate awarded child support based on the parties’ combined parental income, rather than the combined parental income cap of $130,000. However, although the father’s monthly support payment based on the parties’ combined parental income totaled $1,437 monthly, the Support Magistrate modified the amount downward to $1,250 monthly, in light of the fact that the child was receiving Social Security disability derivative benefits based on the father’s active disability claim. The father filed objections to the order of support and findings of fact, arguing, among other things, that the Support Magistrate erred in awarding child support based on combined parental income in excess of the $130,000 income cap. The order appealed from denied the father’s objections on the ground that the facts cited supported the determination.
*616 When the combined parental income exceeds $130,000, which was the “statutory, cap” (Iarocci v Iarocci, 98 AD3d 999, 1001 [2012]) in effect when the order in this case was entered, “the court shall determine the amount of child support for the amount of the combined parental income in excess of [$130,000] through consideration of the factors set forth in [Family Ct Act § 413 (1) (f)] and/or the child support percentage” (Family Ct Act § 413 [1] [c] [3]). The Family Court must articulate an explanation of the basis for its calculation of child support based on parental income above $130,000 (see Matter of Cassano v Cassano, 85 NY2d 649, 654-655 [1995]; Matter of Bonsignore v Flanagan, 93 AD3d 841, 842 [2012]). The test generally applied is whether the child is receiving enough to meet his or her “actual needs and the amount required ... to live an appropriate lifestyle” (Levesque v Levesque, 73 AD3d 990, 990 [2010]; Matter of Brim v Combs, 25 AD3d 691, 693 [2006]).
Here, the record indicates that the child enjoyed a middle-class lifestyle with extracurricular activities, and attended private school and summer camp. The Support Magistrate properly determined that the child’s needs will be met, and her lifestyle maintained, with an award based upon applying the child support percentage to the total combined parental income. Accordingly, the Support Magistrate’s determination to calculate child support obligations based on the parties’ combined parental adjusted gross income of $215,818.43, which is $85,818.43 more than the $130,000 statutory cap, is adequately supported by the record, and was not an improvident exercise of the Support Magistrate’s discretion (see Iarocci v Iarocci, 98 AD3d at 1001).
The father’s remaining contentions are without merit. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.