■ In the Matter of DANIELLE C. PEDDYCOART, Respondent, v BRIAN V. MACKAY, Appellant. [45 NYS3d 135]—

Appeal by the father from an order of the Family Court, Suffolk County (George F. Harkin, J.), dated February 19, 2016. The order denied the father's objections to stated portions of an order of the same court (Barbara Lynaugh, S.M.) dated November 9, 2015, which, after a hearing, inter alia, directed him to pay child support in the sum of $542 per week.

Ordered that the order dated February 19, 2016, is modified, on the law, the facts, and in the exercise of discretion, by deleting the provision thereof denying the father's objection to so much of the Support Magistrate's order dated November 9, 2015, as directed him to pay child support in the sum of $542 per week, and substituting therefor a provision granting that objection to the extent of directing the father to pay child support in the sum of $378 per week and otherwise denying that objection; as so modified, the order dated February 19, 2016, is affirmed, without costs or disbursements, and the order dated November 9, 2015, is modified accordingly.

The parties, who were never married, have one daughter together, born in 2009. The father signed an acknowledgment of paternity less than nine days after the child was born. The parties did not have an order of child support for approximately six years. In 2015, the mother filed a petition against the father seeking an award of child support. After a hearing, the Support Magistrate found that the combined parental income

under the Child Support Standards Act (hereinafter CSSA) was $202,208, which exceeded the applicable "statutory cap" of $141,000 (see Family Ct Act § 413 [1] [c] [2], [3]; Social Services Law § 111-i [2] [b]; cf. Matter of Pittman v Williams, 127 AD3d 755, 756 [2015]). In determining the father's child support obligation, the Support Magistrate applied the statutory child support percentage under the CSSA—17% for one child—to the entire amount of combined parental income, including $61,208 in excess of the statutory cap, and directed the father to pay child support in the sum of $542 per week.

The father filed objections on the grounds, inter alia, that the Support Magistrate did not adequately explain her reasons for applying the statutory percentage to the combined parental income in excess of the statutory cap, the record did not justify an award based on income exceeding the cap, and the Support Magistrate made errors in determining his income.

By order dated January 29, 2016, the Family Court remanded the objections to the Support Magistrate for supplemental written findings to articulate the reasons for her decision to calculate the father's child support obligation based on the combined parental income in excess of $141,000. In supplemental findings of fact dated February 1, 2016, the Support Magistrate stated that it was appropriate to calculate the father's support obligation based on the combined parental income in excess of $141,000 because, inter alia, the mother lived with her parents, she worked part-time as a registered nurse in a nursing home, the father's newborn child by a different mother enjoyed the benefits of his substantial income, and the subject child was in need of the full measure of support.

By order dated February 19, 2016, the Family Court denied the father's objections. The father appeals, and we modify to the extent of reducing the father's child support obligation to the sum of $378 per week.

In determining parental income under the CSSA, the court must begin with the parent's "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]; see Matter of Dailey v Govan, 136 AD3d 1029, 1031 [2016]; Matter of Moran v Grillo, 44 AD3d 859, 860 [2007]), and then proceed to consider, inter alia, other income or compensation voluntarily deferred (see generally Family Ct Act § 413 [1] [b] [5] [ii], [iii]). As pertinent to this appeal, a support magistrate may impute income to a party based on his or her future earning capacity and other resources available to the party, including "automo-

biles or other perquisites that are provided as part of compensation for employment to the extent that such perquisites constitute expenditures for personal use" (Family Ct Act § 413 [1] [b] [5] [iv]; *see Matter of Napoli v Koller*, 140 AD3d 1070, 1071 [2016]; *Matter of Funaro v Kudrick*, 128 AD3d 695, 696 [2015]). Although a support magistrate "is afforded considerable discretion in determining whether to impute income to a parent" (*Matter of Julianska v Majewski*, 78 AD3d 1182, 1183 [2010]; *see Matter of Napoli v Koller*, 140 AD3d at 1071), a determination to impute income " 'will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion' " (*Matter of Kiernan v Martin*, 108 AD3d 767, 768 [2013], quoting *Matter of Ambrose v Felice*, 45 AD3d 581, 582 [2007]).

Here, contrary to the father's contention, the Support Magistrate properly relied on his 2014 federal income tax return to determine his income from employment at a car dealership and from an S-corporation of which he was the sole shareholder (*see Matter of Grosso v Grosso*, 90 AD3d 1672, 1673 [2011]; *Matter of Moran v Grillo*, 44 AD3d at 860; *Matter of Yarinsky v Yarinsky*, 36 AD3d 1135, 1138 [2007]; *Bains v Bains*, 308 AD2d 557, 559 [2003]). The Support Magistrate also properly considered that the father received an average of $700 per month in rental income. Further, the Support Magistrate did not improvidently exercise her discretion by imputing income to the father based upon his testimony that the S-corporation paid for his automobile and other personal expenses (*see Matter of McKenna v McKenna*, 137 AD3d 1464, 1466 [2016]; *Matter of Geller v Geller*, 133 AD3d 599, 600 [2015]; *cf. Matter of Ambrose v Felice*, 45 AD3d at 583). Accordingly, the Support Magistrate properly determined the amount of the father's income for the purposes of making a child support award.

However, we agree with the father that the reasons articulated by the Support Magistrate for applying the statutory percentage to the combined parental income over the statutory cap of $141,000 are not supported by the record. "The CSSA sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (*Matter of Freeman v Freeman*, 71 AD3d 1143, 1144 [2010]). Where combined parental income exceeds the "statutory cap" (*Matter of Parsick v Rubio*, 103 AD3d 898, 900 [2013] [internal quotation marks omitted])—in this case, $141,000—the court, "in fixing the basic child support obliga-

tion on income over the ceiling, has the discretion to apply the factors set forth in Family Court Act § 413 (1) (f), or to apply the statutory percentages, or to apply both" (*Matter of Freeman v Freeman*, 71 AD3d at 1144; *see Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *Matter of Pittman v Williams*, 127 AD3d 755, 756 [2015]; *Matter of McVey v Barnett*, 107 AD3d 808, 809 [2013]). However, the Family Court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap (*see Matter of Keith v Lawrence*, 113 AD3d 615, 616 [2014]; *Matter of Parsick v Rubio*, 103 AD3d at 900). This articulation should reflect "a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage" (*McCoy v McCoy*, 107 AD3d 857, 858 [2013] [internal quotation marks omitted]; *see Matter of Cassano v Cassano*, 85 NY2d at 655). In addition to providing a record explanation for deviating or not deviating from the statutory formula, a court "must relate that record articulation" to the factors set forth in Family Court Act § 413 (1) (f) (*Matter of Gluckman v Qua*, 253 AD2d 267, 270-271 [1999]; *see Matter of Pittman v Williams*, 127 AD3d at 757; *Matter of De Souza v Nianduillet*, 112 AD3d 823, 823 [2013]). The factors include a consideration of the financial resources of the custodial and noncustodial parent, and the standard of living the child would have enjoyed if the parties had remained together (*see* Family Ct Act § 413 [1] [f]). These factors further the objectives of the CSSA, which include "the total income available to the parents and the standard of living that should be shared with the child" (*Matter of Cassano v Cassano*, 85 NY2d at 652 [internal quotation marks omitted]).

Here, the Support Magistrate's reasons for applying the statutory percentage to the combined parental income in excess of $141,000 were not sufficiently related to the statutory factors. In describing the parties' respective financial situations, the Support Magistrate noted the mother's student loan obligations, but did not consider the monthly debts and expenses burdening the father (*see* Family Ct Act § 413 [1] [f] [1], [7]). Although the Support Magistrate correctly observed that, at the time of the hearing, the father resided with his girlfriend and their newborn daughter, she did not adequately consider the father's expenses with respect to his second child (*see* Family Ct Act § 413 [1] [f] [8]; *Matter of Byrne v Byrne*, 46 AD3d 812, 815 [2007]). Notably, there was testimony that, for a period of time, the father's girlfriend was not working in order to care for the newborn child and the father was having trouble covering all of the household expenses.

Additionally, the Support Magistrate did not consider the other types of support that the father provided to the subject child (*see* Family Ct Act § 413 [1] [f] [5]), including health insurance coverage and college savings contributions. Further, there was unrefuted testimony that the child was with the father approximately 100 days out of the year, and that he pays for all of her expenses when she is with him.

Furthermore, when determining an appropriate amount of child support, a court should consider a child's "actual needs and the amount required . . . [for him or her] to live an appropriate lifestyle" (*Levesque v Levesque*, 73 AD3d 990, 990 [2010]; *see Matter of Keith v Lawrence*, 113 AD3d at 616; *Matter of Parsick v Rubio*, 103 AD3d at 900; *Matter of Gluckman v Qua*, 253 AD2d at 271-272). Here, the Support Magistrate's conclusory determination that the subject child was in need of the full measure of child support—i.e., application of the statutory percentage to the combined parental income in excess of the statutory cap—was belied by the record. The mother's own testimony demonstrated that the child attends public school and has no special needs or learning disabilities (*see* Family Ct Act § 413 [1] [f] [2]; *cf. Matter of Keith v Lawrence*, 113 AD3d at 616; *Matter of Parsick v Rubio*, 103 AD3d at 900). Moreover, the mother testified that she had no childcare expenses (*cf. Matter of Pittman v Williams*, 127 AD3d at 757), she lived rent-free at her parent's house (*cf. Matter of Ambrose v Felice*, 45 AD3d at 583), she spent about $50-70 per week on food for the child, and there were no extraordinary expenses.

Under these circumstances, applying the statutory factors, we find that it would have been appropriate to apply the statutory percentage to the statutory cap of $141,000, with no further child support obligation based on the combined income over that amount (*see Merrick v Merrick*, 132 AD3d 742, 743 [2015]; *Matter of McVey v Barnett*, 107 AD3d at 809; *C.G. v F.G.*, 53 Misc 3d 229, 236 [Sup Ct, Richmond County 2016]; *cf. Doscher v Doscher*, 137 AD3d 962, 964 [2016]; *Matter of Gartmond v Conway*, 54 AD3d 952, 954-955 [2008]).

Moreover, in the interest of efficiency and judicial economy, rather than again remitting the matter to the Family Court, we deem it appropriate to conduct our own review of the record, which is sufficiently developed, and to recalculate the father's child support obligation (*see Beroza v Hendler*, 109 AD3d 498, 501 [2013]; *cf. Matter of Gartmond v Conway*, 54 AD3d at 954). The Support Magistrate found that the mother had income of $36,112 and that the father had income of $166,096, for a combined parental income of $202,208. Thus, at

this time, the father's share of the combined parental income is 82% (166,096 ÷ 202,208 = .82). Pursuant to our determination herein, the child support percentage of 17% for one child must be applied to the statutory cap of $141,000, resulting in a child support obligation in the sum of $23,970 per year ($141,000 x .17 = $23,970). The father's proportion of that child support is $378 per week ($23,970 x .82 = $19,655 ÷ 52 = $378). Accordingly, the Family Court should have sustained the father's objection to so much of the Support Magistrate's order dated November 9, 2015, as directed him to pay child support in the sum of $542 per week to the extent of directing him to pay child support in the sum of $378 per week.

The father's remaining contention is without merit. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.