Matter of Santman v Schonfeldt (2018 NY Slip Op 01929)





Matter of Santman v Schonfeldt


2018 NY Slip Op 01929


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-03697
 (Docket No. F-6053-16)

[*1]In the Matter of Caroline Santman, respondent,
v
Heracles Schonfeldt, appellant.


Eyal Talassazan, P.C., Garden City, NY, for appellant.



DECISION & ORDER
Appeal from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated March 13, 2017. The order denied the father's objections to so much of an order of the same court (Nadine J. Satterthwaite, S.M.), dated August 18, 2016, as, after a hearing, granted that branch of the mother's petition which was for child support and child care expenses.
ORDERED that the order dated March 13, 2017, is affirmed, without costs or disbursements.
The parties are the separated parents of two children. A hearing was held on the mother's petition for child support, after which the Family Court ordered the father to pay the mother basic child support in the sum of $2,553 per month, plus child care expenses in the sum of $1,398 per month.
The father's objection to the amount of basic child support was properly denied. In determining the amount of child support, a court must (1) calculate the amount of combined parental income, (2) multiply that amount "up to the amount set forth in paragraph (b) of subdivision two of section one hundred eleven-i of the social services law by the appropriate child support percentage" (Family Ct Act § 413[1][c][2]; hereinafter the statutory cap) by 25% for two children (see Family Ct Act § 413[1][b][3][ii]), and (3) allocate the resulting amount between the parents according to their respective shares of the combined income (see Family Ct Act § 413[1][c]; Matter of Cassano v Cassano, 85 NY2d 649, 654). When the parties' combined income is more than the statutory cap, the court has the discretion to cap the support obligation at an amount based on the statutory cap or order child support above the statutory cap, based on the factors set forth in Family Court Act § 413(1)(f) and/or the child support percentage set forth in Family Court Act § 413(1)(c)(3) (see Matter of Cassano v Cassano, 85 NY2d at 654).
Here, the record does not support the father's contentions that the Family Court "repeatedly pressed" the father, who appeared pro se, to agree to pay child support above $143,000, the statutory cap at the time. The father further contends that the court never articulated the basis for its calculations of child support above the statutory cap (see Matter of Cassano v Cassano, 85 NY2d at 655; Matter of Keith v. Lawrence, 113 AD3d 615; Levesque v Levesque, 73 AD3d 990). [*2]On the contrary, the court indicated that this determination was based on the parties' agreement to waive the statutory cap based on the standard of living the children would have enjoyed had the household remained intact. Furthermore, the court had before it sufficient financial details of both parties on which to base its determination. The father's objection to the amount of basic child support was therefore properly denied.
The father's objection to the amount of child care expenses also was properly denied. Child care expenses may be incurred in order to allow the mother to work, and those expenses must be reasonable (see Family Ct Act § 413[1][c][4]; Matter of Gina P. v Stephen S., 33 AD3d 412). Here, the father objects in particular to paying 50% of the $650 weekly expense for a full-time nanny for the children. However, the father acknowledged at the hearing that he wants the children to keep the nanny, because the nanny takes care of the children and cooks and cleans for them, and that he also derives a benefit from the nanny because she drives the children to the father's house for visits. Moreover, the child care expenses awarded are reasonable. Therefore, the father's objection to the child care expenses was properly denied.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court