Matter of Fanelli v Orticelli (2019 NY Slip Op 08671)





Matter of Fanelli v Orticelli


2019 NY Slip Op 08671


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-09258
 (Docket No. F-3424-17/17A)

[*1]In the Matter of Jillian M. Fanelli, respondent,
v
Bryan J. Orticelli, Sr., appellant.


Bryan J. Orticelli, Sr., Bloomfield, Connecticut, appellant pro se.
The Sallah Law Firm, P.C., Holtsville, NY (Danielle Turturo of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (David Morris, J.), dated July 2, 2018. The order denied the father's objections to an order of the same court (Aletha V. Fields, S.M.) dated March 29, 2018, which, after a hearing, inter alia, directed him to pay child support in the sum of $3,525 per month.
ORDERED that the order dated July 2, 2018, is affirmed, with costs.
The parties, who were divorced in 2013, have two children together. At the time of their divorce, the mother was awarded child support in the amount of $2,400 per month. In 2017, the mother filed a petition seeking an upward modification of her prior award of child support. After a hearing, the Support Magistrate found, in effect, that the combined parental income under the Child Support Standards Act (see Domestic Relations Law § 240[1-b]; hereinafter CSSA) was in excess of the applicable statutory cap (see Family Ct Act § 413[1][c][2], [3]; Social Services Law § 111-i[2][b]; Matter of Peddycoart v MacKay, 145 AD3d 1081, 1082), and issued an order dated March 29, 2018, directing the father to pay increased child support in the sum of $3,525 per month. The father filed objections to the Support Magistrate's order on the grounds, inter alia, that the Support Magistrate did not adequately explain her reasons for applying the statutory percentage to the combined parental income in excess of the statutory cap, the record did not justify an award based on income exceeding the cap, and the Support Magistrate made errors in determining the father's income. In an order dated July 2, 2018, the Family Court denied the father's objections.
On the father's appeal from the order denying his objections, we remitted the matter to the Family Court, Suffolk County, "to enable the Support Magistrate to set forth the factors she considered and the reasons for her determination" (Matter of Fanelli v Orticelli, 170 AD3d 831, 832). On remittitur, the Support Magistrate provided multiple reasons for her determination, including: the father's testimony that he had desired the children to engage in additional activities; the children's participation in those activities; the cost of the children's orthodontic care; the mother's expenses of $595.66 per month to repay a personal loan that she had taken to meet the "debts and bills for the children" due to her income shortfall; the mother's added living expenses due to the father's failure to exercise parental access with the children since December 2015; the parties' agreement in their amended stipulation of settlement to deviate from the application of the CSSA [*2]"to permit their children to enjoy a better standard of living"; the mother's monthly income was insufficient to pay for the children's monthly household expenses; the father's income; the father's expenses, including those that were tax deductible; the father's reimbursement, through his employer, for airfare, hotel, mileage, and meal expenses; the mother's "concession that the basic child support would be reduced by her pro rata share contribution towards the cost of medical, dental and optical insurance attributed to the children"; and the mother's gross income of $60,519.18 "being substantially less" than the father's gross income of $192,191.04. Based upon these additional findings of fact, we agree with the Family Court's determination to deny the father's objections to the Support Magistrate's order.
The CSSA sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to the statutory cap that is in effect at the time of the judgment (see Domestic Relations Law § 240[1-b]; Holterman v Holterman, 3 NY3d 1, 11; Matter of Cassano v Cassano, 85 NY2d 649, 653-654; see also Social Services Law § 111-i[2][b]). With respect to combined parental income exceeding that amount, the court has the discretion to apply the statutory child support percentage, or to apply the factors set forth in Domestic Relations Law § 240(1-b)(f) (see Matter of Cassano v Cassano, 85 NY2d at 654), or to utilize "some combination of th[ose] two" methods (Poli v Poli, 286 AD2d 720, 723; see Jordan v Jordan, 8 AD3d 444, 445). The court must " articulate its reason or reasons for [that determination], which should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage'" (Wagner v Dunetz, 299 AD2d 347, 350-351, quoting Matter of Schmitt v Berwitz, 228 AD2d 604, 605; see Matter of Cassano v Cassano, 85 NY2d at 655).
In determining parental income under the CSSA, the court must begin with the parent's "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413[1][b][5][i]; see Matter of Peddycoart v MacKay, 145 AD3d at 1082-1083), and then proceed to consider, inter alia, other income or compensation (see generally Family Ct Act § 413[1][b][5]). As pertinent to this appeal, a support magistrate may impute income to a party based on resources available to the party, including "money, goods, or services provided by relatives and friends" (Family Ct Act § 413[1][b][5][iv][D]). Contrary to the father's contention, it was not error for the Support Magistrate to impute to the father the income of the father's current spouse in the support calculation (see Matter of Ladd v Suffolk County Dept. of Social Servs., 199 AD2d 393, 394; see also LiGreci v LiGreci, 87 AD3d 722, 726; Matter of Collins v Collins, 241 AD2d 725, 727). Additionally, a support magistrate "is afforded considerable discretion in determining whether to impute income to a parent" (Matter of Julianska v Majewski, 78 AD3d 1182, 1183). Here, the Support Magistrate's findings regarding both the mother's and the father's income were based on credibility determinations and are supported by the record. Accordingly, they will not be disturbed.
We further note that where a parent fails to exercise his or her expected parental access rights, the "Family Court may reestablish the support obligation of the noncustodial parent by modifying the support provisions of the separation agreement" (Matter of Gravlin v Ruppert, 98 NY2d 1, 6). Here, the Support Magistrate providently exercised her discretion in applying the statutory child support percentages to the amount of the combined parental income she considered in excess of $148,000, and properly considered the relevant paragraph (f) factors, as the parties' amended stipulation of settlement, which was incorporated but not merged into their judgment of divorce, provided that the appropriate amount of support would "permit the children to enjoy a better standard of living, and permit the residential joint custodial parent to use the extra monies toward future payments on behalf of the children," and also contemplated "future adjustments of the child support obligation herein" (see Beroza v Hendler, 109 AD3d 498, 502-503; Matter of Parsick v Rubio, 103 AD3d 898, 900-901).
The father's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court