Matter of Hipp v Ryan (2020 NY Slip Op 07061)





Matter of Hipp v Ryan


2020 NY Slip Op 07061


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2020-02797
 (Docket No. F-14459-16/19B)

[*1]In the Matter of Lauren Hipp, respondent,
v
Sean Ryan, appellant.


The Law Offices of Michael J. Alber, P.C., Huntington Station, NY (Robert T. Nothdurft, Jr., of counsel), for appellant.
The Law Offices of Robert W. Dapelo, Esq., P.C., Patchogue, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated February 4, 2020. The order denied the father's objections to an order of the same court (Darlene Jorif-Mangane, S.M.) dated November 25, 2019, which, after a hearing, inter alia, directed the father to pay child support in the sum of $2,693 per month.
ORDERED that the order dated February 4, 2020, is affirmed, without costs or disbursements.
The parties, who were never married, have one child together. In a so-ordered stipulation of support dated November 18, 2016, the father was directed to pay child support in the sum of $1,999.89 per month. Thereafter, the mother filed a petition seeking, inter alia, an upward modification of the father's child support obligation.
After a hearing, the Support Magistrate found that the combined parental income under the Child Support Standards Act (hereinafter CSSA) was $211,220.52, which exceeded the applicable statutory cap of $148,000 (see Family Ct Act § 413[1][c][2], [3]). In determining the father's child support obligation, the Support Magistrate applied the statutory child support percentage under the CSSA—17% for one child—to the amount of combined parental income that exceeded the statutory cap and, in an order dated November 25, 2019, directed the father to pay child support in the sum of $2,693 per month.
The father filed objections to the Support Magistrate's order, arguing that the Support Magistrate "deviated" from the CSSA guidelines by directing him to pay child support based upon a gross parental income amount that was above the $148,000 statutory cap, and that the determination to do so was neither supported by the record nor sufficiently articulated by the Support Magistrate. In an order dated February 4, 2020, the Family Court denied the father's objections. The father appeals.
"The CSSA sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Freeman v Freeman, 71 AD3d 1143, 1144; see Matter [*2]of Glick v Ruland, 185 AD3d 926, 927; Matter of Peddycoart v MacKay, 145 AD3d 1081, 1083-1084). Where combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the ceiling, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both (see Matter of Glick v Ruland, 185 AD3d at 927-928; Matter of Peddycoart v MacKay, 145 AD3d at 1084). "[T]he Family Court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap" (Matter of Peddycoart v MacKay, 145 AD3d at 1084; see Matter of Glick v Ruland, 185 AD3d at 928). "This articulation should reflect 'a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage'" (Matter of Peddycoart v MacKay, 145 AD3d at 1084, quoting McCoy v McCoy, 107 AD3d 857, 858; see Matter of Glick v Ruland, 185 AD3d at 928). "In addition to providing a record explanation for deviating or not deviating from the statutory formula, a court must relate that record articulation to the factors set forth in Family Court Act § 413(1)(f)" (Matter of Peddycoart v MacKay, 145 AD3d at 1084 [internal quotation marks omitted]; see Matter of Glick v Ruland, 185 AD3d at 928).
Contrary to the father's contention, under the circumstances, the Support Magistrate providently exercised her discretion in determining the amount of child support on the amount of combined parental income that exceeded the statutory cap of $148,000 (see generally Matter of Freeman v Freeman, 71 AD3d at 1144). Further, the Support Magistrate properly articulated the reasons for her determination, which reflected a careful consideration of the stated basis for her exercise of discretion, the parties' circumstances, and her reasoning why there should not be a departure from the prescribed percentage (see Fishman v Fishman, 186 AD3d 1199, 1201; Candea v Candea, 173 AD3d 663, 665). Accordingly, we agree with the Family Court's determination to deny the father's objections to the Support Magistrate's order.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court