Matter of Good v Ricardo (2020 NY Slip Op 07192)





Matter of Good v Ricardo


2020 NY Slip Op 07192


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2020-01452
 (Docket No. F-3676-17/19B)

[*1]In the Matter of Catherine Good, respondent,
v
Shawn Preston Ricardo, appellant.


Shawn Preston Ricardo, Pelham, NY, appellant pro se.
Browde Law, P.C., Chappaqua, NY (Kristen Prata Browde of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated December 23, 2019. The order denied the father's objections to an order of the same court (Esther R. Furman, S.M.) dated September 6, 2019, which, after a hearing, granted the mother's petition for an upward modification of the father's child support obligation.
ORDERED that the order dated December 23, 2019, is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the father's objections are granted, the order dated September 6, 2019, is vacated, and the mother's petition for an upward modification of the father's child support obligation is denied.
The parties were married and have two children together. In July 2011, they executed a stipulation of settlement, which was incorporated but not merged into their judgment of divorce dated November 4, 2011. Pursuant to the parties' stipulation, the father's child support obligation was $5,650 per month. In determining the father's child support obligation, the parties agreed to apply the statutory percentage under the Child Support Standards Act (hereinafter CSSA), 25% for two children, to their total combined parental income of $339,023, of which the father's pro rata share was 80%.
In March 2019, the mother commenced this proceeding for an upward modification of the father's child support obligation. After a hearing, in an order dated September 6, 2019, the Support Magistrate granted the petition. The Support Magistrate found that each of the parties' incomes had increased more than 15% since the stipulation was entered, that the combined parental income under the CSSA was $475,389.52, which exceeded the statutory cap of $148,000, and that the father's pro rata share was 72%. The father's child support obligation on the combined parental income up to the statutory cap was $2,220 per month. The Support Magistrate found that application of the statutory child support percentage to the entire amount of combined parental income, resulting in the father's child support obligation being $7,131 per month, was unjust and inappropriate, and thus, she increased the father's child support obligation to $6,650 per month. The father filed objections to the Support Magistrate's order, and in an order dated December 23, 2019, the Family Court denied the father's objections. The father appeals.
Section 451 of the Family Court Act permits a court to modify an order of child support where (1) either party's gross income has changed by 15% or more since the order was entered or modified, or (2) three years or more have passed since the order was entered, last modified, or adjusted (see Family Ct Act § 451[3][b][i], [ii]; Matter of Regan v Regan, 173 AD3d 874, 875; Matter of Rizzo v Spear, 152 AD3d 774, 776; Matter of Thomas v Fosmire, 138 AD3d 1007, 1007). Here, the parties, in their stipulation, expressly did not opt out of this statutory provision, and it is undisputed that the father's gross income increased by more than 15% and that more than three years had passed since the order of child support was made, authorizing the Family Court to consider modification of his child support obligation (see Family Ct Act § 451[3][b][i], [ii]; Matter of Regan v Regan, 173 AD3d at 875; Matter of Walsh v Walsh, 154 AD3d 767, 768; Matter of Thomas v Fosmire, 138 AD3d at 1007-1008).
However, the reasons articulated by the Support Magistrate for calculating child support on combined parental income in excess of the statutory cap to the extent that she determined that the father's child support obligation is $6,650 per month are not supported by the record. Where, as here, the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both (see Family Ct Act § 413[1][c][3]; Matter of Calta v Hoagland, 167 AD3d 598, 599). "However, the Family Court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap" (Matter of Peddycoart v MacKay, 145 AD3d 1081, 1084; see Matter of Keith v Lawrence, 113 AD3d 615, 616). "This articulation should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage" (Matter of Peddycoart v MacKay, 145 AD3d at 1084 [internal quotation marks omitted]; see McCoy v McCoy, 107 AD3d 857, 858). "In addition to providing a record explanation for deviating or not deviating from the statutory formula, a court must relate that record articulation to the factors set forth in Family Court Act § 413(1)(f)" (Matter of Peddycoart v MacKay, 145 AD3d at 1084 [internal quotation marks omitted]; see Matter of Gluckman v Qua, 253 AD2d 267, 270-271).
Here, while the Support Magistrate based her decision to calculate child support on combined parental income in excess of the statutory cap, so as to increase the father's child support obligation by $1,000 per month to $6,650 per month, on, inter alia, certain statutory factors set forth in Family Court Act § 413(1)(f), the record does not support this determination. The Support Magistrate stated that she considered the standard of living the children would have enjoyed had the household remained intact (see Family Ct Act § 413[1][f][3]), as well as the needs of the children. However, the record does not demonstrate that the children are not living in accordance with the lifestyle they would have enjoyed had the household remained intact. Moreover, the father is paying 80% of significant add-on expenses for the children, including uncovered health expenses, educational expenses, extracurricular activity expenses, summer camp and sleep-away camp, a trip to Europe, and electronics. He is also paying $1,600 per month for child care expenses, although the mother admitted she is only incurring child care expenses in the amount of $520 per month.
The Support Magistrate also considered the disparity in the parties' respective incomes (see Family Ct Act § 413[1][f][7]). However, while the father's income has significantly increased and he clearly earns more than the mother, the mother's income has also significantly increased. Further, the Support Magistrate's finding that the father does not exercise substantial parental access with the children is not supported by the record. Therefore, based on the record, the father's child support obligation should not have been modified to exceed $5,650 per month, the amount he had been paying. The father's obligation on the $327,390 of combined parental income over the statutory cap of $148,000 should not have exceeded $3,430, which, when added to his obligation of $2,220 on combined parental income up to the cap, equals $5,650, the amount he had been paying.
Accordingly, the Family Court should have granted the father's objections to the Support Magistrate's order granting the mother's petition.
The mother's remaining contentions are not properly before this Court.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court