Matter of Giraldo v Fernandez (2021 NY Slip Op 06170)





Matter of Giraldo v Fernandez


2021 NY Slip Op 06170


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2020-07205
 (Docket No. F-2226-19/19B)

[*1]In the Matter of Michela Giraldo, respondent,
v
Carlos M. Fernandez, appellant.


Sandra Stines, Westbury, NY, for appellant.
Charles Lawson, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated August 26, 2020. The order denied the father's objections to an order of the same court (Sondra M. Toscano, S.M.) dated March 13, 2020, which, after a hearing, granted the mother's petition for an upward modification of his child support obligation as set forth in a stipulation entered in the Family Court, Bronx County, dated September 6, 2013, and increased his child support obligation from $300 per month to $522.55 biweekly.
ORDERED that the order dated August 26, 2020, is affirmed, with costs.
The parties have one child together. On September 6, 2013, a stipulation regarding child support was entered in the Family Court, Bronx County, directing the father to pay child support to the mother in the sum of $300 per month (hereinafter the stipulation). The stipulation also stated that the father would provide health insurance benefits for the child. On February 7, 2014, a judgment of divorce was entered in the Supreme Court, Bronx County, which incorporated, but did not merge, the stipulation. The judgment of divorce also provided that the father, as "the relative legally responsible to supply health insurance benefits," shall do so until the child reaches 21 years of age. The judgment of divorce further provided: "Each party has the right to seek a modification of the child support order upon a showing of (I) a substantial change in circumstances, or (II) that three years have passed since the order was entered, last modified or adjusted, or (III) there has been a change in either party's gross income by 15 percent or more since the order was entered, last modified or adjusted; however, if the parties have specifically opted out of subparagraphs (II) or (III) of this paragraph in a validly executed agreement or stipulation, then that basis to seek modification does not apply. The parties have not elected to opt[ ] out of subparagraphs (II) or (III)."
On May 23, 2019, the mother filed a petition in the Family Court, Nassau County, for an upward modification of the father's child support obligation pursuant to the terms of the judgment of divorce. She alleged a change in circumstances in that the father "makes more money, our son is older and requires more." She further alleged that "[t]he parties have not specifically agreed otherwise in a validly executed agreement or stipulation and three years have passed since the order was entered, last modified or adjusted." In support of her petition, the mother submitted [*2]the father's 2018 federal tax return, which demonstrated that the father's total income was $117,316, a substantial increase from his $45,000 annual income at the time the stipulation was entered.
On June 27, 2019, the Family Court, Nassau County, issued a temporary modification of an order of support, increasing the father's child support obligation from that set forth in the stipulation to $500 biweekly. After a hearing, in a fact-finding order dated March 13, 2020, the Support Magistrate found that the mother "has met her burden of proving a substantial change in circumstances" in that the father's income has increased by at least 15% since the entry of the judgment of divorce. The Support Magistrate determined the mother's income to be $98,680, the father's income to be $115,377.36, and the combined adjusted gross income to be $193,462.23. With the statutory child support percentage for one child as 17% (see Family Ct Act § 413[1][b][3][i]), and the child support cap as $148,000, the child support obligation, as calculated by the Support Magistrate in accordance with the Child Support Standards Act (hereinafter CSSA), is $25,160 annually, or $987.79 in biweekly support for both parents. The Support Magistrate determined that the mother and father have a respective child support obligation of 46% and 54%, and modified the father's child support obligation to $522.55 biweekly. The fact-finding order further required the father to continue to cover the child under his health insurance through his employer. That same day, the Support Magistrate issued an order, inter alia, directing the father to pay child support in the sum of $522.55 biweekly.
On May 11, 2020, the father filed objections to the Support Magistrate's order. The father alleged that the order granted relief based on a cause of action never alleged by the mother and granted relief that was not requested or supported by the record, and the support obligation is unjust and inappropriate. In an order dated August 26, 2020, the Family Court denied the father's objections. The father appeals.
"'The CSSA sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling'" (Matter of Peddycoart v MacKay, 145 AD3d 1081, 1083, quoting Matter of Freeman v Freeman, 71 AD3d 1143, 1144). When the parties' combined income is more than the statutory cap—in this case, $148,000, "'the court has the discretion to cap the support obligation at an amount based on the statutory cap or order child support above the statutory cap, based on the factors set forth in Family Court Act § 413(1)(f) and/or the child support percentage set forth in Family Court Act § 413(1)(c)(3)'" (Matter of Murray v Murray, 164 AD3d 1451, 1453, quoting Matter of Santman v Schonfeldt, 159 AD3d 914, 915). "Where, as here, the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or both" (Matter of Good v Ricardo, 189 AD3d 830, 831, citing Family Ct Act § 413[1][c][3]; see Matter of Calta v Hoagland, 167 AD3d 598).
"The court may modify an order of child support, including an order incorporating without merging an agreement or stipulation of the parties, upon a showing of a substantial change in circumstances" (Family Ct Act § 451[3][a]). Additionally, unless the parties have specifically opted out, "[s]ection 451 of the Family Court Act permits a court to modify an order of child support where (1) either party's gross income has changed by 15% or more since the order was entered or modified, or (2) three years or more have passed since the order was entered, last modified, or adjusted" (Matter of Good v Ricardo, 189 AD3d at 831, citing Family Ct Act § 451[3][b][i], [ii]; Matter of Regan v Regan, 173 AD3d 874; Matter of Rizzo v Spear, 152 AD3d 774; Matter of Thomas v Fosmire, 138 AD3d 1007).
The Family Court properly denied the father's objections to the Support Magistrate's order. Although the mother did not specifically seek an upward modification based on an increase in the father's income by 15% or more, it was proper for the Support Magistrate to modify the father's child support obligation on this basis, as the parties declined to opt out of Family Court Act § 451(3)(b). In any event, the mother demonstrated a substantial change in circumstances and that three years have passed since the order was entered, last modified, or adjusted, warranting an upward modification of the father's child support obligation.
"A substantial change in circumstances may be measured by comparing the parties' financial situation at the time of the application for modification with that existing at the time the order sought to be modified was issued" (Matter of Oelsner v Heppler, 181 AD3d 916, 917; see Matter of Spaights v Muller, 147 AD3d 768; Matter of Baumgardner v Baumgardner, 126 AD3d 895). Here, the mother demonstrated her entitlement to an upward modification by providing the father's 2018 federal income tax return, showing that his current income has more than doubled since the time the stipulation was entered. Additionally, the stipulation and the judgment of divorce were never modified or adjusted, and more than three years have passed, triggering review pursuant to Family Court Act § 451(3)(b)(i).
The Support Magistrate providently exercised her discretion in choosing to cap the father's support obligation based on the statutory cap, applying the child support percentage set forth pursuant to the CSSA, and declining to apply the discretionary factors set forth in Family Court Act § 413(1)(f) (see Family Ct Act § 413[1][c][3]; Matter of Murray v Murray, 164 AD3d 1451; Matter of Santman v Schonfeldt, 159 AD3d 914; see also Matter of Cassano v Cassano, 85 NY2d 649; see generally Bast v Rossoff, 91 NY2d 723; Matter of Good v Ricardo, 189 AD3d 830; Matter of Geller v Geller, 133 AD3d 599, 600). Therefore, the Support Magistrate's upward modification of the father's child support obligation was proper.
Although the father argues on appeal that the Family Court improperly relieved the mother of any obligation with respect to the child's health insurance and that medical costs should be prorated, that contention is unpreserved for appellate review, as he failed to raise that issue in his objections before the Family Court (see Matter of Heintzman v Heintzman, 157 AD3d 682, 690). Pursuant to Family Court Act § 439(e), a judge of the Family Court must review any objections to a Support Magistrate's final order before an appeal may be taken (see Matter of Barbara T. v Acquinetta M., 164 AD3d 1, 7; Reynolds v Reynolds, 92 AD3d 1109, 1110; Matter of Corry v Corry, 59 AD3d 618; Matter of Feliz v Rojas, 21 AD3d 373, 374).
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court