Hepheastou v Spaliaras (2022 NY Slip Op 00303)





Hepheastou v Spaliaras


2022 NY Slip Op 00303


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2020-08062
 (Index No. 201712/16)

[*1]Aphrodite Hepheastou, respondent,
v
Konstantinos Spaliaras, appellant.


Maria Schwartz, P.C., Garden City, NY, for appellant.
Quatela Chimeri PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Edmund M. Dane, J.), entered October 13, 2020. The judgment of divorce, upon a decision of the same court dated June 30, 2020, made after a nonjury trial, inter alia, directed the defendant to pay the plaintiff child support in the sum of $3,072 per month, directed the defendant to pay the plaintiff child support arrears in the sums of $8,356.60 and $114,096, and awarded the defendant parental access with the parties' children of one weekday per week and alternating weekends.
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, (1) by adding a provision thereto awarding the defendant additional parental access with the parties' children from 4:00 p.m. to 8:00 p.m. on alternate Tuesdays following each weekend on which the defendant does not have parental access with the children, (2) by deleting the provision thereof directing the defendant to pay the plaintiff child support in the sum of $3,072 per month, and substituting therefor a provision directing the defendant to pay the plaintiff child support in the sum of $1,896.19 per month, and (3) by deleting the provisions thereof directing the defendant to pay the plaintiff child support arrears in the sums of $8,356.60 and $114,096, and substituting therefor provisions directing the defendant to pay the plaintiff child support arrears in the sums of $5,157.44 and $63,536.17; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in May 2013, and have two children. In June 2016, the plaintiff commenced this action for a divorce and ancillary relief, not long after she moved from the marital residence with the parties' first child, while she was pregnant with their second child, and began residing with her parents. On March 22, 2017, the parties entered into a stipulation which provided that they would have equal parental access.
After trial, by judgment of divorce entered October 13, 2020, the Supreme Court, inter alia, awarded sole residential and legal custody of the children to the plaintiff, awarded the defendant parental access of one weekday per week and alternating weekends, calculated the defendant's child support obligation to be $3,072 per month for the two children based upon the [*2]parties' income in excess of the statutory cap, directed the defendant to pay 50% of the health insurance premiums for the children, directed the defendant to pay the sums of $8,356.60 and $114,096 in child support arrears, and awarded the plaintiff counsel fees in the sum of $30,000.
A court "'has broad discretion in fashioning a remedy in matters of custody and visitation, with the paramount concern being the best interests of the child'" (Cervera v Bressler, 109 AD3d 780, 781, quoting Matter of Schick v Schick, 72 AD3d 1100, 1101). "Absent extraordinary circumstances, where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges" (Matter of Rodriguez v Silva, 121 AD3d 794, 795 [internal quotation marks omitted]). "To be meaningful, visitation must be frequent and regular, and the frequency and regularity of visitation is more significant than the total number of hours" (Matter of Tabares v Tabares, 64 AD3d 661, 662). Here, in light of the frequency of parental access that the defendant enjoyed with the children during the lengthy pendency of this matter, his parental access should be expanded (see Matter of Sanders v Ballek, 136 AD3d 676, 677-678). Thus, in addition to the parental access provided for by the Supreme Court, it is appropriate to award the defendant parental access from 4:00 p.m. until 8:00 p.m. on alternate Tuesdays following each weekend on which the defendant does not have parental access with the children.
The Child Support Standards Act (hereinafter CSSA) sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to the statutory cap that is in effect at the time of the judgment (see Domestic Relations Law § 240[1-b]; Holterman v Holterman, 3 NY3d 1, 11). With respect to combined parental income exceeding that amount, the court has the discretion to apply the statutory child support percentage, or to apply the factors set forth in Domestic Relations Law § 240(1-b)(f) (see Matter of Cassano v Cassano, 85 NY2d 649, 654), or to utilize "some combination of th[ose] two" methods (Poli v Poli, 286 AD2d 720, 723). The court must "articulate its reason or reasons for [that determination], which should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage" (Matter of Fanelli v Orticelli, 178 AD3d 700, 702 [internal quotation marks omitted]). In addition to providing a record explanation for deviating or not deviating from the statutory formula, a court "must relate that record articulation" to the factors set forth in Domestic Relations Law § 240(1-b)(f) (Matter of Gluckman v Qua, 253 AD2d 267, 270-271 [emphasis omitted]). The factors include a consideration of the financial resources of the custodial and noncustodial parent, and the standard of living the child would have enjoyed if the parties had remained together (see Domestic Relations Law § 240[1-b][f]; Matter of Peddycoart v MacKay, 145 AD3d 1081, 1084).
Here, while the Supreme Court based its decision to calculate child support on combined parental income in excess of the statutory cap so as to increase the defendant's child support obligation from $1,896.19 per month to $3,072 per month on certain statutory factors set forth in Domestic Relations Law § 240(1-b)(f), the record does not support this determination. The court stated that it considered the standard of living the children would have enjoyed had the household remained intact (see Domestic Relations Law § 240[1-b][f][3]), as well as the financial resources of the parties. The record, however, does not demonstrate that the children are not living in accordance with the lifestyle they would have enjoyed had the household remained intact (see Matter of Good v Ricardo, 189 AD3d 830, 832). Moreover, when determining an appropriate amount of child support, a court should consider the children's actual needs and the amount required for them to live an appropriate lifestyle (see Doscher v Doscher, 137 AD3d 962, 964). The record demonstrates that the plaintiff has no extraordinary expenses, lives rent-free at her parents' house, reported no child care costs, and reported minimal costs for education and extracurricular activities (see Matter of Peddycoart v MacKay, 145 AD3d at 1083-1084). Under these circumstances, we find that it is appropriate to apply the statutory percentage to the statutory cap of $154,000, with no further child support obligation based on the combined income over that amount (see id.), and reduce the defendant's prospective child support obligations and child support arrears in accordance with this determination.
We reject the defendant's contention that remittal to the Supreme Court is necessary [*3]for a de novo determination of child support arrears (see Levi v Levi, 186 AD3d 1628, 1629-1630).
The defendant's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court