Matter of Monaco v Monaco (2023 NY Slip Op 01091)

Matter of Monaco v Monaco

2023 NY Slip Op 01091

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2022-05126
 (Docket No. F-21687-13/21D, E)

[*1]In the Matter of Lorraine Monaco, respondent,
v
Robert Monaco, appellant.

The Sallah Law Firm, P.C., Holtsville, NY (Dean J. Sallah of counsel), for appellant.
Michael C. Sordi, Northport, NY, for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from an amended order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated March 23, 2022. The amended order, insofar as appealed from, granted the mother's objection to so much of an order of the same court (Darlene Jorif-Mangane, S.M.) dated December 3, 2021, as, after a hearing, directed the father to pay basic child support in the sum of $759 biweekly for the parties' two younger children for the period from September 23, 2020, through August 8, 2021, the sum of $1,220 biweekly for the parties' three children for the period from August 9, 2021, through February 25, 2022, and the sum of $1,051 biweekly for the parties' two younger children effective February 26, 2022, and thereupon, in effect, vacated that portion of the order dated December 3, 2021, and directed the father to pay basic child support in the sum of $1,329 biweekly for the parties' two younger children for the period from September 23, 2020, through August 8, 2021, the sum of $1,993 biweekly for the parties' three children for the period from August 9, 2021, through February 25, 2022, and the sum of $1,718 biweekly for the parties' two younger children effective February 26, 2022. The notice of appeal from an order dated February 4, 2022, is deemed to be a notice of appeal from the amended order dated March 23, 2022 (see CPLR 5512[a]).
ORDERED that the amended order dated March 23, 2022, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, the mother's objection to so much of the order dated December 3, 2021, as directed the father to pay basic child support in the sum of $759 biweekly for the parties' two younger children for the period from September 23, 2020, through August 8, 2021, the sum of $1,220 biweekly for the parties' three children for the period from August 9, 2021, through February 25, 2022, and the sum of $1,051 biweekly for the parties' two younger children effective February 26, 2022, is denied, and that portion of the order dated December 3, 2021, is reinstated.
The parties were married in 1996 and have three children together. In February 2013, the parties executed a stipulation of settlement, which was incorporated but not merged into their judgment of divorce entered June 24, 2013. Pursuant to the parties' stipulation, the father's child support obligation was the sum of $1,618.02 every two weeks. In determining the father's child support obligation, the parties agreed to apply the statutory percentage under the Child Support Standards Act (hereinafter CSSA) to their total combined parental income of $185,980.
In September 2020, the father filed a petition seeking a downward modification of his child support obligation. Subsequently, the mother filed a petition for an upward modification of the father's child support obligation. After a hearing, in an order dated December 3, 2021, a Support Magistrate, in effect, granted the father's petition and denied the mother's petition. The Support Magistrate found that the parties' combined parental income under the CSSA was $251,708.46, which exceeded the statutory cap of $154,000. The father's child support obligation on the combined parental income up to the statutory cap was the sum of $1,220 biweekly for three children and the sum of $1,051 biweekly for two children. His child support obligation would be $1,993.34 and $1,718.40 biweekly, respectively, if the statutory child support percentages of 29% for three children and 25% for two children were applied to the entire amount of combined parental income. The Support Magistrate determined that it was appropriate to apply the statutory percentages to the combined parental income up to the statutory cap. The Support Magistrate directed the father to pay basic child support in the sum of $1,220 biweekly for the period from August 9, 2021, through February 25, 2022, during which all three children were in the mother's care, and the sum of $1,051 biweekly for the two younger children effective February 26, 2022, when the oldest child turned 21, as well as a lesser amount for a period during which the oldest child had temporarily resided with the father.
The mother filed objections to the Support Magistrate's order, contending, among other things, that the Support Magistrate erred in failing to calculate child support on the combined parental income over the statutory cap. The Family Court granted the mother's objection to so much of the Support Magistrate's order as set forth the father's basic child support obligation. The court determined that the Support Magistrate should have used the entire combined parental income, including the amount exceeding the statutory cap, in calculating the father's child support obligation. The court directed the father to pay basic child support in the sum of $1,329 biweekly for the parties' two younger children for the period from September 23, 2020, through August 8, 2021, the sum of $1,993 biweekly for the parties' three children for the period from August 9, 2021, through February 25, 2022, and the sum of $1,718 biweekly for the parties' two younger children effective February 26, 2022. The father appeals. The father's sole contention on appeal is that the court should not have calculated child support on the combined parental income over the statutory cap.
"The CSSA sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Giraldo v Fernandez, 199 AD3d 796, 798 [internal quotation marks omitted]; see Matter of Ward v Hall, 188 AD3d 1222, 1223). "Where, as here, the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both" (Matter of Good v Ricardo, 189 AD3d 830, 831; see Family Ct Act § 413[1][c][3]; Matter of Cassano v Cassano, 85 NY2d 649, 655). "[T]he Family Court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap" (Matter of Peddycoart v MacKay, 145 AD3d 1081, 1084). "This articulation should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage" (id. at 1084 [internal quotation marks omitted]; see Matter of Glick v Ruland, 185 AD3d 926, 928). "In addition to providing a record explanation for deviating or not deviating from the statutory formula, a court must relate that record articulation to the factors set forth in Family Court Act § 413(1)(f)" (Matter of Peddycoart v MacKay, 145 AD3d at 1084 [internal quotation marks omitted]; see Kaufman v Kaufman, 189 AD3d 31, 72).
Here, the Family Court based its decision to calculate child support on combined parental income in excess of the statutory cap on the parties' agreement in their stipulation of settlement to apply the statutory percentage to their total combined parental income. The court found that the parties intended for their children to enjoy the standard of living that the children would have enjoyed had the family remained intact. However, the parties' agreement in their stipulation did not provide an appropriate rationale for the court's calculation of child support on parental income over the statutory cap (see Matter of Good v Ricardo, 189 AD3d 830). Moreover, the record does not [*2]demonstrate that the children are not living in accordance with the lifestyle they would have enjoyed had the household remained intact (see Family Ct Act § 413[1][f][3]; Hepheastou v Spaliaras, 201 AD3d 793, 795; Matter of Good v Ricardo, 189 AD3d at 832).
The record supports the Support Magistrate's determination that it was appropriate to apply the statutory percentages to the statutory cap of $154,000, with no further support obligation based on the combined parental income over that amount. "[W]hen determining an appropriate amount of child support, a court should consider the children's actual needs and the amount required for them to live an appropriate lifestyle" (Hepheastou v Spaliaras, 201 AD3d at 795; see Kaufman v Kaufman, 189 AD3d at 72). As the Support Magistrate noted, the parties' testimony at the hearing established that the two older children were no longer attending school, and that the oldest child was employed. The mother reported in her financial disclosure affidavit that she had no tuition or child care expenses, and there is no indication that the children are engaged in extracurricular activities (see Hepheastou v Spaliaras, 201 AD3d at 795; Matter of Peddycoart v MacKay, 145 AD3d at 1085; cf. Matter of Spano v Spano, 168 AD3d 857, 860). Moreover, although the father's gross income was higher than the mother's gross income (see Family Ct Act § 413[1][f][7]), the record does not establish that the difference between the parties' gross incomes warrants applying the statutory percentages to the parties' combined income in excess of the statutory cap (see Matter of Glick v Ruland, 185 AD3d at 928).
Accordingly, the Family Court should have denied the mother's objection to the Support Magistrate's determination to calculate child support based on the combined parental income up to the statutory cap.
The mother's remaining contention is without merit.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court