Matter of Butta v Realbuto (2023 NY Slip Op 01671)

Matter of Butta v Realbuto

2023 NY Slip Op 01671

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-03512
 (Docket Nos. F-16964-14/19D, F-16964-14/19E F-16964-14/20F)

[*1]In the Matter of Christine M. Butta, appellant,
v
Cary G. Realbuto, respondent. (Proceeding No. 1.)
In the Matter of Cary G. Realbuto, respondent,
v
Christine M. Butta, appellant. (Proceeding No. 2.)

Judd & Moss, P.C., Ronkonkoma, NY (Francine H. Moss of counsel), for appellant.
Kristiana L. Gomes Attorney at Law, PLLC, Hauppauge, NY, for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated March 24, 2022. The order, insofar as appealed from, granted the father's objections to so much of an order of the same court (Darlene Jorif-Mangane, S.M.) dated January 26, 2022, as, after a hearing, directed the mother to pay basic child support in the sum of $785.40 per month and thereupon, in effect, vacated that portion of the order dated January 26, 2022, and directed the mother to pay basic child support in the sum of $1,823.16 per month.
ORDERED that the order dated March 24, 2022, is reversed insofar as appealed from, on the law and the facts, with costs, the father's objections to so much of the order of dated January 26, 2022, as directed the mother to pay basic child support in the sum of $785.40 per month are denied, and that portion of the order dated January 26, 2022, is reinstated.
The parties are the parents of one child, born in 2009. In 2014, the father was awarded sole custody of the child (see Matter of Realbuto v Butta, 134 AD3d 1041). In an order dated June 30, 2015, the Family Court, inter alia, directed the mother to pay basic child support in the sum of $2,127 per month.
The mother subsequently filed a petition for a downward modification of her child support obligation, and the father filed a petition for an upward modification of the mother's child support obligation. After a hearing, in an order dated January 26, 2022, the Support Magistrate, inter alia, directed the mother to pay basic child support in the sum of $785.40 per month. The Support Magistrate calculated the child support obligation based on the parties' combined income only up to the statutory cap of $154,000 (see Family Ct Act § 413[1][c][3]).
The father filed objections to the Support Magistrate's order, arguing, inter alia, that [*2]the Support Magistrate erred in failing to calculate the basic child support on the combined parental income over the statutory cap. The Family Court granted the father's objections to so much of the Support Magistrate's order as directed the mother to pay basic child support in the sum of $785.40 per month, determining that the Support Magistrate should have used a combined parental income exceeding the statutory cap in calculating the mother's basic child support obligation. The court directed the mother to pay basic child support in the sum of $1,823.16 per month. The mother appeals.
The Child Support Standards Act "'sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling'" (Matter of Peddycoart v MacKay, 145 AD3d 1081, 1083, quoting Matter of Freeman v Freeman, 71 AD3d 1143, 1144). "Where . . . the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both" (Matter of Good v Ricardo, 189 AD3d 830, 831, citing Family Ct Act § 413[1][c][3]; see Matter of Giraldo v Fernandez, 199 AD3d 796, 798-799; Matter of Calta v Hoagland, 167 AD3d 598). "However, the Family Court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap" (Matter of Peddycoart v MacKay, 145 AD3d at 1084; see Matter of Keith v Lawrence, 113 AD3d 615, 616). "This articulation should reflect 'a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage'" (Matter of Peddycoart v MacKay, 145 AD3d at 1084, quoting McCoy v McCoy, 107 AD3d 857, 858; see Matter of Good v Ricardo, 189 AD3d at 831-832).
Here, the Family Court did not set forth a sufficient basis for its determination to calculate child support based on combined parental income exceeding the statutory cap. Further, the record shows that based on certain factors, including the parties' disparity in income and the child's standard of living, the child support obligation should be calculated based only on combined parental income up to the statutory cap (see Hepheastou v Spaliaras, 201 AD3d 793, 795; Matter of Good v Ricardo, 189 AD3d at 832; Matter of Peddycoart v MacKay, 145 AD3d at 1083). Contrary to the father's assertion, remittitur is not required, as the record is sufficient for this Court to render such determination (see Matter of Peddycoart v McKay, 145 AD3d at 1085; see also Matter of Glick v Ruland, 185 AD3d 926).
The mother's remaining contention is not properly before this Court, as she did not file objections to the Support Magistrate's order (see Matter of Sylvester v Goffe, 202 AD3d 970, 972; Matter of Christiani v Rhody, 90 AD3d 1090, 1091).
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court