Matter of Chung v Adetayo (2023 NY Slip Op 06135)

Matter of Chung v Adetayo

2023 NY Slip Op 06135

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-00573
 (Docket No. F-2709-21)

[*1]In the Matter of Alicia Chung, respondent,
v
Adebowale Adetayo, appellant.

Pryor Cashman LLP, New York, NY (Karen Platt of counsel), for appellant.
Harold, Salant, Strassfield & Rotbard, LLP, White Plains, NY (Jerold C. Rotbard of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Arlene Katz, J.), entered December 16, 2022. The order, insofar as appealed from, denied the father's objections to so much of an amended order of the same court (Carol Ann Jordan, S.M.) dated July 28, 2022, as, after a hearing, directed the father to pay basic child support in the sum of $5,342 per month, child care expenses in the sum of $1,310.40 per month, and retroactive support, including, inter alia, basic child support and child care expenses, in the sum of $64,290.80.
ORDERED that the order entered December 16, 2022, is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying the father's objection to so much of the amended order dated July 28, 2022, as directed the father to pay basic child support in the sum of $5,342 per month, and substituting therefor a provision granting that objection to the extent of vacating that portion of the amended order dated July 28, 2022, and directing the father to pay basic child support in the sum of $2,406.69 per month, (2) by deleting the provision thereof denying the father's objection to so much of the amended order dated July 28, 2022, as directed the father to pay child care expenses in the sum of $1,310.40 per month, and substituting therefor a provision granting that objection to the extent of vacating that portion of the amended order dated July 28, 2022, and directing the father to pay child care expenses in the sum of $856 per month, and (3) by deleting the provision thereof denying the father's objection to so much of the amended order dated July 28, 2022, as directed the father to pay retroactive support, including, inter alia, basic child support and child care expenses, in the sum of $64,290.80, and substituting therefor a provision granting that objection and vacating that portion of the amended order dated July 28, 2022; as so modified, the order dated December 16, 2022, is affirmed insofar as appealed from, with costs to the father, and the matter is remitted to the Family Court, Westchester County, for a recalculation of the amount of retroactive support, including, inter alia, basic child support and child care expenses, owed by the father in accordance herewith.
The parties are the parents of one child, born in 2018. In April 2021, the mother filed a petition for child support. In an order dated January 20, 2022, after a hearing, the Support Magistrate, among other things, directed the father to pay basic child support in the sum of $3,000 per month, to pay his pro rata share of child care expenses in the sum of $1,310.40 per month, and [*2]to pay retroactive support, including, inter alia, basic support and child care expenses, in the sum of $42,115.62. The father filed objections to the Support Magistrate's order. The Family Court denied the father's objections, but remitted the matter to the Support Magistrate to issue "an amended or clarified findings of fact, and, if necessary, an amended order," finding that it was "not clear how" the Support Magistrate "arrived at the sum of $3,000 per month for basic support."
In an amended order dated July 28, 2022, the Support Magistrate calculated the father's basic child support obligation to be $5,342 per month by applying the statutory percentage to the parties' total combined income in excess of the statutory cap. The Support Magistrate further determined that the mother had incurred child care expenses in the sum of $1,680 per month, and directed the father to pay his pro rata share of those expenses in the sum of $1,310.40 per month. The Support Magistrate stated, in effect, that all awards were effective February 1, 2022, and directed the father to pay retroactive support, including, inter alia, basic support and child care expenses, in the sum of $64,290.80.
The father filed objections to the Support Magistrate's amended order, contending, inter alia, that the Support Magistrate should have applied the statutory percentage to the parties' combined income up to the statutory cap of $154,000, with no further child support obligation based on the combined income over that amount, and that the Support Magistrate erred in directing him to pay $1,310.40 per month as his pro rata share of child care expenses because the mother did not submit sufficient evidence demonstrating that she actually incurred those expenses. In an order entered December 16, 2022, the Family Court, among other things, denied the father's objections to so much of the Support Magistrate's amended order as directed him to pay basic child support in the sum of $5,342 per month, child care expenses in the sum of $1,310.40 per month, and retroactive child support in the sum of $64,290.80. The father appeals.
The Child Support Standards Act (hereinafter CSSA) "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Spinner v Spinner, 188 AD3d 748, 751 [internal quotation marks omitted]; see Family Ct Act § 413; Holterman v Holterman, 3 NY3d 1, 10-11). "Where . . . the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both" (Matter of Good v Ricardo, 189 AD3d 830, 831, citing Family Ct Act § 413[1][c][3]; see Matter of Giraldo v Fernandez, 199 AD3d 796, 798-799; Matter of Calta v Hoagland, 167 AD3d 598). "However, the Family Court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap" (Matter of Peddycoart v MacKay, 145 AD3d 1081, 1084; see Matter of Keith v Lawrence, 113 AD3d 615, 616). "This articulation should reflect 'a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage'" (Matter of Peddycoart v MacKay, 145 AD3d at 1084, quoting McCoy v McCoy, 107 AD3d 857, 858; see Matter of Good v Ricardo, 189 AD3d at 831-832).
The CSSA also provides that "[w]here the custodial parent is working . . . and incurs child care expenses as a result thereof, the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated in the same proportion as each parent's income is to the combined parental income" (Family Ct Act § 413[1][c][4]; see Matter of Quashie v Wint, 148 AD3d 905, 906; Matter of Pittman v Williams, 127 AD3d 755, 757).
Here, contrary to the father's contention, although the Support Magistrate properly directed the father to pay a fixed amount of child care expenses, the Support Magistrate erred in directing the father to pay $1,310.40 per month as his pro rata share of child care expenses based upon the finding that the mother had incurred child care costs in the sum of $1,680 per month. While the mother testified at the hearing, and indicated in her financial disclosure affidavit, that she paid $1,680 per month in child care expenses, the documentary evidence introduced by the mother at the hearing demonstrated that, on average, the mother incurred $1,097 per month in child care [*3]expenses. Accordingly, the Support Magistrate should have found that the mother pays, on average, $1,097 per month in child care expenses, and directed the father to pay his pro rata share of those expenses, which is $856 per month.
In determining basic child support, although the Support Magistrate adequately set forth the factors she considered in determining to apply the child support percentage of 17% to the parties' combined income in excess of the statutory cap, the Support Magistrate improvidently exercised her discretion in calculating child support on the parties' total combined income in excess of the statutory cap. The record shows that the child's needs will be met, and her lifestyle maintained, by limiting the combined parental income in excess of the statutory cap to $217,800 (see Spinner v Spinner, 188 AD3d at 751-752; Doscher v Doscher, 137 AD3d 962, 964). The father's child support obligation based upon the parties' combined income in excess of the statutory cap up to $217,800, when added to his obligation to pay his pro rata share of child care expenses and the child's health insurance premium, equals approximately $3,400 per month, the amount that the father had been paying as child support for a period of several months beginning at or around the time that the instant proceeding was commenced (see Matter of Good v Ricardo, 189 AD3d at 832-833). Accordingly, the Support Magistrate should have directed the father to pay $2,406.69 per month in basic child support.
In light of our determination, we remit the matter to the Family Court, Westchester County, to recalculate the amount of retroactive support owed by the father.
The father's remaining contentions are without merit.
DUFFY, J.P., CHAMBERS, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court