Matter of Goldstein v Lika (2024 NY Slip Op 02193)

Matter of Goldstein v Lika

2024 NY Slip Op 02193

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-05092
 (Docket No. F-13568-17/22E)

[*1]In the Matter of Pamela Goldstein, appellant,
v
Muslim Lika, respondent.

Joseph R. Miano, White Plains, NY, for appellant.
Muslim Lika, Little Neck, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated May 3, 2023. The order denied the mother's objections to so much of an order of the same court (Rosa Cabanillas-Thompson, S.M.) dated May 23, 2022, as, after a hearing, inter alia, directed the father to pay basic child support in the sum of only $86 per week.
ORDERED that the order dated May 3, 2023, is affirmed, without costs or disbursements.
The parties are the parents of two children. In November 2017, the parties resolved their custody proceedings pursuant to a so-ordered stipulation of settlement, which incorporated a so-ordered stipulation resolving issues of child support. Pursuant to the stipulations of settlement, the parties agreed to share equal physical custody of the children and to waive child support.
In January 2022, the mother filed a petition to modify the stipulations of settlement so as to require the father to pay child support based on a substantial change in the physical custody of the children. After a hearing, in an order dated May 23, 2022, the Support Magistrate, inter alia, granted the mother's petition and directed the father to pay basic child support in the sum of $86 per week. In determining the amount of child support, the Support Magistrate imputed an annual adjusted gross income of $62,428.60 to the father based on his earning capacity and calculated the child support obligation based on the parties' combined income up to the statutory cap of $163,000 (see Family Ct Act § 413[1][c][3]).
The mother filed objections to the Support Magistrate's order, contending that the Support Magistrate erred in failing to impute additional income to the father and in failing to calculate child support based on the combined parental income over the statutory cap. In an order dated May 3, 2023, the Family Court denied the mother's objections. The mother appeals.
"When determining parental income for the purposes of child support, '[a] support magistrate need not rely upon a party's account of his or her own finances,' but may 'impute income to a party based on his or her employment history, future earning capacity, educational background, or money, goods, or services provided by relatives and friends'" (Matter of Sinzieri v Kaminsky, 218 [*2]AD3d 592, 593, quoting Matter of Napoli v Koller, 140 AD3d 1070, 1071 [internal quotation marks omitted]; see Family Ct Act § 413[1][b][5][iv], [v]). "[A] support magistrate is afforded considerable discretion in determining whether to impute income to a parent, and since a factfinder's imputation of income is almost always based on a credibility determination, it is entitled to great deference on appeal" (Matter of Sinzieri v Kaminsky, 218 AD3d at 593 [citations and internal quotation marks omitted]; see Matter of Coughlan v Coughlan, 218 AD3d 569, 571; Matter of Padilla v Northington, 205 AD3d 915, 915). Here, the amount of income imputed to the father by the Support Magistrate is supported by the record and should not be disturbed (see Matter of Coughlan v Coughlan, 218 AD3d at 571; Matter of Grace v Amabile, 181 AD3d 602, 604).
"The Child Support Standards Act sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Butta v Realbuto, 214 AD3d 973, 974 [internal quotation marks omitted]; see Family Ct Act § 413; Matter of Chung v Adetayo, 221 AD3d 999, 1001). "'Where . . . the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both'" (Matter of Chung v Adetayo, 221 AD3d at 1001, quoting Matter of Good v Ricardo, 189 AD3d 830, 831; see Family Ct Act § 413[1][c][3]). "'However, the Family Court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap'" (Matter of Butta v Realbuto, 214 AD3d at 975, quoting Matter of Peddycoart v MacKay, 145 AD3d 1081, 1084; see Matter of Monaco v Monaco, 214 AD3d 659, 662). "This articulation should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage" (Matter of Peddycoart v MacKay, 145 AD3d at 1084 [internal quotation marks omitted]; see Matter of Monaco v Monaco, 214 AD3d at 662). "In addition to providing a record explanation for deviating or not deviating from the statutory formula, a court must relate that record articulation to the factors set forth in Family Court Act § 413(1)(f)" (Matter of Peddycoart v MacKay, 145 AD3d at 1084 [internal quotation marks omitted]; see Matter of Good v Ricardo, 189 AD3d at 832).
Here, the Support Magistrate adequately set forth the factors she considered in reaching her determination, including the children's living expenses and the relative resources of the parties. The income of the mother, the custodial parent, grossly exceeded the imputed income of the father. Moreover, the record does not demonstrate that the children are not living in accordance with the lifestyle they would have enjoyed had the household remained intact. Under the circumstances, the Support Magistrate providently exercised her discretion in calculating the child support obligation based on application of the statutory percentage to parental income up to the statutory cap of $163,000 (see Matter of Butta v Realbuto, 214 AD3d at 975; Matter of Monaco v Monaco, 214 AD3d at 662; Hepheastou v Spaliaras, 201 AD3d 793, 795; Matter of Good v Ricardo, 189 AD3d at 832).
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court