Matter of Rahim v Braden (2025 NY Slip Op 03725)

Matter of Rahim v Braden

2025 NY Slip Op 03725

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-01513
 (Docket No. F-4276-18)

[*1]In the Matter of Hussain Rahim, respondent,
v
Jennifer Braden, appellant.

Jennifer Braden, Stafford, Texas, appellant pro se.
Treuhaft & Zakarin, New York, NY (Ira Treuhaft of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Jacqueline B. Deane, J.), dated February 5, 2024. The order denied the mother's objections to so much of an order of the same court (Nicholas J. Palos, S.M.) dated May 13, 2021, as, after a hearing, and upon findings of fact dated May 10, 2021, as amended December 8, 2023, directed the mother to pay basic child support in the sum of $1,431 per month and retroactive child support in the sum of $25,190.14.
ORDERED that the order dated February 5, 2024, is reversed, on the law and in the exercise of discretion, without costs or disbursements, the mother's objections to so much of the order dated May 13, 2021, as directed her to pay basic child support in the sum of $1,431 per month and retroactive child support in the sum of $25,190.14 are granted, those portions of the order dated May 13, 2021, are vacated, and the matter is remitted to the Family Court, Kings County, for a new determination of the mother's basic child support and retroactive child support obligations in accordance herewith.
The parties have one child together. The mother was directed to pay the sum of $450 per month in child support to the father. In June 2018, the father filed a petition for an upward modification of the mother's child support obligation. In an order dated May 13, 2021, made after a hearing, the Support Magistrate, inter alia, directed the mother to pay basic child support in the sum of $1,431 per month and retroactive child support in the sum of $25,190.14 (hereinafter the May 2021 order). The mother filed objections to those portions of the May 2021 order, arguing, among other things, that the Support Magistrate erred in imputing additional annual income to her and in calculating basic child support based on combined parental income exceeding the statutory cap. In an order dated February 5, 2024, the Family Court denied the objections. The mother appeals.
"When determining parental income for the purposes of child support, a support magistrate need not rely upon a party's account of his or her own finances, but may impute income to a party based on his or her employment history, future earning capacity, educational background, or money, goods, or services provided by relatives and friends" (Matter of Goldstein v Lika, 226 AD3d 1016, 1017 [alteration and internal quotation marks omitted]; see Matter of Perlman v Kolodny, 236 AD3d 1038, 1041). "Although a support magistrate is afforded considerable discretion in determining whether to impute income to a parent, a determination to impute income will be [*2]rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion" (Matter of Peddycoart v MacKay, 145 AD3d 1081, 1083 [citations and internal quotation marks omitted]). Here, the Support Magistrate improvidently exercised his discretion in imputing additional annual income to the mother in the sum of $43,647.60 for the purposes of calculating child support. The record was insufficient to support a finding that the mother's past income or demonstrated future potential earning capacity warranted the imputation of this additional income (see Zehner v Zehner, 186 AD3d 784, 785; O'Brien v O'Brien, 163 AD3d 694, 696).
"The [Child Support Standards Act] sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Freeman v Freeman, 71 AD3d 1143, 1144; see Matter of Giraldo v Fernandez, 199 AD3d 796, 798). "Where, as here, the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both" (Matter of Good v Ricardo, 189 AD3d 830, 831; see Family Ct Act § 413[1][c][3]). "However, the Family Court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap" (Matter of Peddycoart v MacKay, 145 AD3d at 1084; see Matter of Monaco v Monaco, 214 AD3d 659, 662). "This articulation should reflect 'a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage'" (Matter of Peddycoart v MacKay, 145 AD3d at 1084, quoting McCoy v McCoy, 107 AD3d 857, 858). "In addition to providing a record articulation for deviating or not deviating from the statutory formula, a court must relate that record articulation to the statutory factors" (Kaufman v Kaufman, 189 AD3d 31, 72 [internal quotation marks omitted]; see Matter of Monaco v Monaco, 214 AD3d at 662).
Here, the Support Magistrate did not set forth a sufficient basis for his determination to calculate child support based on combined parental income exceeding the statutory cap (see Matter of Butta v Realbuto, 214 AD3d 973, 975). Furthermore, "when determining an appropriate amount of child support, a court should consider the children's actual needs and the amount required for them to live an appropriate lifestyle" (Hepheastou v Spaliaras, 201 AD3d 793, 795; see Matter of Monaco v Monaco, 214 AD3d at 662). In this case, the record reflects that, at the time of the hearing, the child was attending public school, and there was no evidence that the child has special needs or learning disabilities (see Matter of Peddycoart v MacKay, 145 AD3d at 1085). Moreover, the father reported no childcare expenses in his financial disclosure affidavit (see Matter of Monaco v Monaco, 214 AD3d at 663; Matter of Peddycoart v MacKay, 145 AD3d at 1085). Under the circumstances, applying the statutory factors, we find that it would have been appropriate to apply the statutory percentage to the statutory cap, with no further child support obligation based on combined parental income over that amount (see Hepheastou v Spaliaras, 201 AD3d at 795; Matter of Peddycoart v MacKay, 145 AD3d at 1085; Bandyopadhyay v Bandyopadhyay, 141 AD3d 1099, 1100).
Accordingly, the mother's objections to so much of the May 2021 order as directed her to pay basic child support in the sum of $1,431 per month and retroactive child support in the sum of $25,190.14 should have been granted, and we remit the matter to the Family Court, Kings County, for a recalculation of the mother's basic child support and retroactive child support obligations.
The mother's remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court